THOMAS DENHAM, PLAINTIFF IN ERROR, V. ELIZA
    WATSON, DEFENDANT IN ERROR.

1.  Bastardy: EVIDENCE held to sustain the verdict that the
    plaintiff in error was the putative father of a bastard child.

2.  ———: LIMITATION OF ACTION.  The fact that a prosecution
    under the bastardy act does not take place for more than four
    years after the birth of the bastard child, will not bar a recov-
    ery where there is a clear preponderance of the evidence show-
    ing that the party accused is the putative father of the child,.
    and that the mother, at the first opportunity after its birth,
    stated to him and to others that he was the father, and asked
    him to provide for its support, and continued to so insist to the-
    time the proceedings were instituted—the parties in the mean--
    time being on amicable terms.

3.  ———: EXPENSES.  Where there is considerable delay in insti--
    tuting the proceedings, expenses accruing prior to that time
    will not be allowed.

ERROR to the district court of Saunders county.   Tried.
below before MARSHALL, J.

C. A. Baldwin and J. J. O'Connor, for plaintiff in.
error, cited:  Code, Sec. 12.·

Frick & Dolezal and D. M. Strong, for defendant in.
error, cited :   Wheelwright v. Greer, 10 Allen, 389.   Ken--
iston v. Rowe, 16 Me., 38.   Kelley v. People, 29 Ill.,.
187.   Hoffman v. State, 17 Wis., 596.

MAXWELL, J.

This is a proceeding under the bastardy act.   On the·
trial of the cause in the court below the plaintiff in error
was, by the verdict of the jury, declared to be the putative·
father of the bastard child, and was required to pay the·
defendant in error the sum of $250, for the maintenance·

of said child to the date of the judgment, and $100 per year thereafter for the period of five years.

The errors relied on in this court are: 1st, That the verdict is not sustained by sufficient evidence; and 2d, That the cause of action is barred by the statute of limitations.

The testimony shows that in the year 1880 the plaintiff and defendant resided on adjoining farms in Saunders county, the plaintiff in error being at that time a bachelor, and the defendant in error a widow.

The defendant in error testifies that, during the summer and autumn of that year, the plaintiff in error had sexual intercourse with her at least twenty times, and as a result of such intercourse a child was born in September, 1881; that the plaintiff in error was absent from his farm at the time of the birth of the child, but as soon as he returned she informed him that he was the father of the child, and asked him to provide for its support; that he neither admitted nor denied the paternity, and evaded her propositions that he provide for its support. She also states, in substance, that from his manner of discussing the subject she was led to believe that he intended to support the child, hence that she did not proceed under the statute to require him to provide for its support.

The plaintiff in error fully and unequivocally denies having had sexual intercourse with the defendant in error, or that he is the father of the child. He admits, however, that she had the conversations with him as stated by the defendant in error.

There is also the testimony of one Swan, designed to show that the defendant in error during the year 1880 had sexual intercourse with other men, and there is considerable testimony, the object of which was to impeach or sustain Swan.

Without attempting to review the evidence at length, it is sufficient to say that the verdict seems to be supported by a clear preponderance of the evidence.

2d. The statute of limitations. It is not the policy of the law to encourage prosecutions of this kind brought years after the event, and unless the testimony shows that the mother from the first had charged the offense upon the putative father, the claim could not be maintained. In other words, the charge made years afterwards must not rest on the mere assertions of the prosecutrix, then made and communicated to the putative father, but must show that from the conception or birth of the child he had been charged by the mother as being the child's father. The law is to be carefully guarded in this respect to prevent it from being used as a means of extorting money upon a false charge. Where, however, the fact of the paternity of the child is satisfactorily proved to charge the putative father, the statute of limitations will not run against a claim for its support during the time it requires the mother's care. The expenses in such case being continuous, the father must provide for them. In other words, he must support his own child, and the statute will not bar such claims. There is some doubt, however, as to the propriety of allowing for expenses which have accrued before proceedings under the bastardy act are instituted. The law favors diligence in instituting such proceedings, and where there is any considerable delay expenses which have accrued prior to the bringing of the action will not be allowed. The amount allowed by the court for the support of the child before the proceedings were instituted, therefore, is excluded, and the judgment in that regard reversed, and as thus modified the judgment is affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.