ALBERT T. MILLS *vs.* JOHN WILSON.

Submitted on briefs Nov. 1, 1894. Reversed Nov. 15, 1894.

No. 9089.

**Bond on appeal from a justice's court.**

1878 G. S. ch. 65, § 122, provides that no appeal allowed by a justice shall be dismissed on account of there being no bond, or that the bond given is defective, if the appellant will, before the motion to dismiss is determined, execute such bond as he ought to have executed before the allowance of the appeal. This is applicable to actions for forcible entry and detainer, and embraces appeals therefrom.

Appeal by defendant, John Wilson, from an order of the District Court of Lac qui Parle County, *Gorham Powers*, J., made February 6, 1894, dismissing his appeal to that court from the judgment of a justice of the peace of that county.

Albert T. Mills, plaintiff, obtained judgment November 27, 1893, in justice's court against defendant in proceedings under 1878 G. S. ch. 84, for the restitution of the southwest quarter of section 24, T. 117, R. 42, in that county. On the same day defendant appealed therefrom to the District Court and gave his bond with two sureties in the penal sum of $100 with the condition that if he should prosecute his appeal with effect and abide the order of the appellate court, then it should be void, otherwise of force. This bond was approved that day by the justice and the appeal allowed. On December 6, 1893, he made return and filed it in the District Court. It included this bond. On January 20, 1894, the plaintiff moved the District Court on notice to dismiss the appeal because this bond did not comply with the requirements of 1878 G. S. ch. 84, § 13, and provide for the payment of rent and other damages justly accruing to respondent during the pendency of the appeal. Defendant at the hearing offered to furnish and file an approved bond properly conditioned, but the court refused to allow him to do so, holding that a proper bond was jurisdictional and the defect not amendable and on February 6, 1894, dismissed his appeal. From that order defendant appeals.

*C. D. Bensel* and *Lyndon A. Smith*, for appellant.

This appeal was dismissed for want of a bond complying with 1878 G. S. ch. 84, § 13. The court thought the bond could not be amended. The law regulating this appeal to the District Court is 1878 G. S. ch. 65, § 122. This statute applies to all appeals to the District Court and gives authority to the court on motion to permit an appellant to execute a proper bond and pay the costs required. This appellant offered to do. The court, acting contrary to our interpretation of the statute and holding he had no discretion, refused defendant's offer.

As the court acted upon the ground of a supposed want of power to grant the request, the order appealed from should be reversed. *Seibert* v. *Minneapolis & St. L. Ry. Co.*, 58 Minn. 58.

1878 G. S. ch. 84, § 13, provides that appeals shall be governed by the general law applicable to appeals from justice's court, and defendant claims that the fact that a different form of bond was used does not go to the jurisdiction, and that the bond may be amended. *Briggs* v. *Swales*, 29 How. Pr. 201; *Rider* v. *Bagley*, 47 Ill. 365; *Hamilton* v. *Jeffries*, 15 Mo. 617; *Sherill* v. *Madry*, 6 Lea, 231.

*C. A. Fosnes*, for respondent.

The bond in this case is as jurisdictional as either the notice or affidavit. After the expiration of ten days, it could not be amended. The court below took this view of it and dismissed the appeal.

This court has, it seems to us, practically decided this position to be correct. *Spooner* v. *French*, 22 Minn. 37; *Hennessey* v. *Pederson*, 28 Minn. 461; *Petsch* v. *Biggs*, 31 Minn. 392.

Buck, J. This action is for a forcible entry and unlawful detainer under 1878 G. S. ch. 84, §§ 1, 2. The premises in question are one hundred and sixty acres situate in Lac qui Parle county, in this state. The plaintiff recovered judgment for the possession of the premises, and the defendant remained in possession after the judgment was appealed to the District Court. The appeal bond was in form such as is usually given upon appeal from a justice court judgment in civil actions other than actions of this kind. The justice of the peace before whom the case was tried approved the bond, and made due return of the proceedings before him. The case was tried November 18, 1893, and on January 12, 1894, plaintiff gave notice to defendant to appear before the judge of the District Court of Yellow Medicine county at 2 o'clock p. m. on the 20th day of January, 1894, and that at that time and place he would make a motion before said court to dismiss the appeal upon the ground that defendant had failed to execute and file a bond of appeal, such as is provided and required under chapter 84, relating to forcible entry and unlawful detainer. He also made affidavit that the defendant remained in the possession of the premises. 1878 G. S. ch. 84, § 13, in regard to appeals in cases of this character, was amended by Laws 1881 (Ex. Sess.) ch. 9, § 3. The amendment required that other conditions should be inserted in the bond, but otherwise the section remains substantially the same as before.

On the hearing before the Judge the defendant offered to file a new bond with all of the conditions necessary to perfect his appeal, as required by said section 13; but this offer was refused by the Judge, and the appeal dismissed, by reason of the insufficiency of the bond. This was not done by the Judge in the exercise of any judicial discretion, but upon the ground of a supposed want of power on the part of the Judge, and that the defect in the bond was jurisdictional, and that no amended bond could be legally permitted. This was error on the part of the Judge, and he should have permitted the defendant to file a proper and sufficient bond.

1878 G. S. ch. 65, § 122, provides that "no appeal allowed by a justice shall be dismissed on account of there being no bond or that the bond is defective, if the appellant will before the motion to dismiss is determined, execute such bond as he ought to have executed before the allowance of the appeal, and pay all costs that shall be incurred by reason of such default or omission." We are of the opinion that this section is broad enough to cover appeals taken under 1878 G. S. ch. 84, § 13, relating to forcible entry and unlawful detainer.

That different conditions are required in appeal bonds under the latter chapter is no reason why the appeal from a judgment in forcible entry and detainer should not be regarded with the same liberality as to amending it or providing new bonds with the requisite statutory conditions. The language of the statute above quoted, that "no appeal allowed by a justice shall be dismissed on account of there being no bond or that the bond is defective," should not be confined to the class of cases mentioned in 1878 G. S. ch. 65, Title 1, for by its very terms it includes that class of cases which come within the jurisdiction of a justice, and the action of forcible entry and detainer is one of them. It is the subject-matter in litigation before the justice which determines the manner of appeal and proceedings thereon, so far as the bond is concerned, the conditions being different in a bond on appeal in actions of forcible entry and detainer from those in various other actions; but in such actions of a civil nature the law above quoted must be held to apply to them all, unless otherwise specially provided.

The case of *Rider* v. *Bagley*, 47 Ill. 365, was similar to this, and there the court held that, "on an appeal from a justice of the peace,

the amendment of an appeal bond which may be found to be defective has reference to all appeals from justices of the peace, without reference to the character of the subject-matter in litigation, and therefore embraces an action of forcible and detainer."

It was the duty of the court below to have allowed the defendant to furnish and file a good and sufficient bond, executed with full conditions in compliance with the law, and not to have dismissed the appeal.

The order appealed from is reversed.

GILFILLAN, C. J., absent on account of sickness; took no part.

(Opinion published 60 N. W. 1083.)

