E. H. EIDAM v. GUST JOHNSON.

April 19, 1900.

Nos. 11,995—(98).

### Appeal from Justice Court—Bond—Laws 1897, c. 46.

Under Laws 1897, c. 46, the district court, on an application to affirm a justice's judgment for failure to furnish sureties, may afford the appellant a reasonable opportunity to furnish a new bond, if necessary, before cutting off his right to be heard on appeal, by affirmance of such judgment.

### New Surety on New Bond.

Where a new surety justifies under the terms of such statute on a justice's appeal bond, with the acquiescence of a previous co-surety. and these two sureties, although their obligations are expressed in two instruments, are accepted at different times by different judges of the same district bench, it is error to affirm the judgment of the justice for a failure to furnish a proper bond.

Appeal by defendant from a judgment of the district court for Hennepin county, entered pursuant to the order of Brooks, J., and affirming a judgment of a justice of the peace in favor of plaintiff. Reversed.

*G. A. Petri*, for appellant.

*Simon Michelet*, for respondent.

LOVELY, J.

Plaintiff recovered a judgment before a justice of the peace in Hennepin county. The defendant appealed to the district court, giving a bond in proper form, with two sureties, duly approved by the justice. Plaintiff excepted to the sureties, under Laws

1897, c. 46, whereupon the defendant appeared before Judge Harrison, of the Hennepin bench, upon due notice, with the sureties, one of whom (Franz Pearson) qualified and was accepted by the court. The other surety did not qualify, was rejected, and a continuance for two days was allowed by the court to afford defendant an opportunity to obtain another surety. On the afternoon of the second day following, defendant, with one Emil Strand, as a new surety, went to the court house in Minneapolis, and, not finding Judge Harrison, appeared with Strand (who was offered in place of the rejected surety, Weberg) before Judge Pond, of the same bench. Judge Pond, after a hearing, found that Strand was a suitable surety, approved a bond signed by him, in form the same as the bond approved by the justice on the appeal, with this additional provision: "That this instrument shall be, and the same hereby is, considered as a part of the bond heretofore filed herein," etc.

Afterwards plaintiff moved in the district court for judgment of affirmance under the provisions of chapter 46, § 4, heretofore referred to, pending which Franz Pearson, the surety on the bond who had been accepted by Judge Harrison, acknowledged his satisfaction to the substitution of Strand for the rejected surety, Weberg. All of these facts were before the court on the proceeding to affirm under the statute. Upon the hearing of such motion the court below directed that judgment be entered in favor of plaintiff for the amount of the judgment in justice's court and costs, which order was appealed, and, in our view, should be reversed.

While Laws 1897, c. 46, under which the order was affirmed, provides for the proceeding adopted by plaintiff in such exception to the sureties, and also that, if the sureties fail to justify, the judgment of the justice shall be affirmed, yet this law must be reasonably construed in connection with other statutes relating to the subject, and in view of the real purpose sought to be accomplished by it, which is to secure the successful suitor in the justice's court with security for his judgment on the appeal. When this statute was enacted it was also a provision of the law relating to appeals from justice's court that no appeal should be dismissed for want of a proper bond, providing the party appealing cured the defect by

new sureties, or even by a new bond, before a motion to dismiss should be determined. G. S. 1894, § 5076; Mills v. Wilson, 59 Minn. 167, 60 N. W. 1083. The district court evidently thought it had no power to give this relief, but applied to the situation too strict a construction of the statute; following it literally, no doubt, but, as we view it, excluding its relation to the other statutes upon the subject, and not sufficiently considering the real purpose for which it was enacted. We conclude that errors, defects, or even a want of a proper bond, on an appeal from a justice's judgment, are not jurisdictional, but that the statute providing for an affirmance if the sureties fail to justify still leaves—for the purpose of securing a proper bond—power in the district court to permit the substitution of a new bond before the matter is finally disposed of by an order to affirm where there is an excusable failure to comply with the directions of the court to provide sufficient sureties.

In this case the original bond, with the surety, Pearson, who had been accepted, and the subsequent instrument (a bond, in form, adopting all the provisions and liabilities of the original obligation, and tendered to the court before the motion to affirm was heard, with the acceptance of the new surety by Pearson), in connection with the fact that the appellant was actively doing his best at the time to furnish a satisfactory bond in obedience to the order of the district court, was a sufficient compliance with the terms of the statute providing for the giving of new sureties, since the two instruments, when read together, constituted, under the circumstances of the case, a good obligation, holding both Pearson and Strand. We are of the opinion the judgment of the justice should not have been affirmed by the district court.

Judgment reversed, and case remanded for further proceedings.