ANNA PETERSON v. C. P. KJELLIN.[1]

December 9, 1904.

Nos. 14,215—(123).

**Appeal Bond—Failure of Sureties to Justify.**

In an appeal taken from justice court a bond with sureties, proper in form and amount, was given. Under chapter 46, p. 46, Laws 1897, the prevailing party excepted to the sureties who failed to appear or justify, and no new bond was offered, as required by that act. *Held:*

1. Upon the motion to affirm the district court was not, as a matter of right, required to permit the sureties to justify after the time prescribed by the statute.

2. Upon the denial of the district court to allow the sureties to justify, it was proper to have the clerk enter judgment against the party prosecuting the appeal.

3. But such judgment could not also be entered against the sureties who had been declined by the prevailing party, upon which ground the affirmance had been ordered.

[1] Reported in 101 N. W. 948.

Appeal by plaintiff from an order of the district court for Meeker county, Qvale, J., by which a judgment theretofore entered in favor of plaintiff and against defendant and the sureties upon his bond on appeal from a justice of the peace, was modified by discharging the judgment against the sureties. ' Affirmed.

*M. Joseph Harrington,* for appellant.

*N. D. & C. H. March,* for respondents.

LOVELY, J.

Plaintiff recovered in justice court on a promissory note. Defendant appealed and gave the bond in form required by statute, whereupon plaintiff excepted to the sufficiency of the sureties, serving timely notice thereof under chapter 46, p. 46, Laws 1897. The sureties failed to appear or justify before the district court. Plaintiff moved for an affirmance of the judgment on the specified statutory ground that the sureties had failed to justify. Defendant appeared in the district court, and on the motion to affirm, which was after the time fixed by statute for furnishing additional sureties or a new bond, offered to have the sureties on the existing bond appear and justify at that time. These offers were refused. The defendant was not allowed to submit a new bond, and an order of affirmance under the statute was directed, whereupon the clerk of the court entered judgment in favor of plaintiff and against the defendant, as well as the sureties, for the amount of the justice judgment with the costs in district court. Immediately after the entry of such judgment the sureties upon the appeal bond (respondents here) moved for an order in the district court directing the clerk to cancel and discharge the judgment entered against the sureties as to them, which was granted, when the judgment was directed to be modified so that it stand against the original defendant solely. From the judgment so modified plaintiff appeals.

The claim of defendant is that it was the duty of the court to allow the sureties to justify when offered, hence that its failure to do so was error. This claim is in direct contravention to the statute referred to, which provides that upon the failure of the sureties to appear and justify or furnish a new bond within the time specified in terms the judgment shall be affirmed.

It seems very clear that the judgment against the original defendant was in compliance with the statute, but it is not easy to see how plaintiff, upon any grounds of reason or right, having availed himself of the privilege intended and exercised for his benefit, having elected to obtain affirmance because there was no bond, and thus cut off defendant from his appeal on that account, can say there was a bond, and insist on the liability of the sureties he declined to accept. He should not have that right, and we have no hesitation in saying that he did not.

The claim that this statute is to be construed with reference to previous acts which authorize relief where there is a failure to provide a proper bond is not well grounded. The statute itself is sufficient to answer this contention, and there is nothing in the case of Eidam v. Johnson, 79 Minn. 249, 82 N. W. 578, that conflicts with the view we have adopted. In that case the district court accepted a bond shortly after the time specified in chapter 46, supra, but the sureties in that case had appeared when notified, although the judge before whom the notice to appear was given was not to be found, and we held that the acceptance of the sureties by the court was within its discretionary powers under the circumstances. In this case there was no such showing or possible claim for the exercise of judicial discretion. Plaintiff demanded to have the sureties justify after the time allowed by law, as a matter of right, which was properly denied upon a correct interpretation of the statute; but it does not follow that the order for affirmance can extend to include the sureties who did not justify. Their refusal gave plaintiff the power to deny that a proper bond was given, although his act in securing the relief he sought on that ground forbids him to now treat the sureties as if they had been accepted. In common phrase, plaintiff could not have his cake and eat it.

Judgment affirmed.