STATE OF IOWA, Appellant, v. C. A. MORGAN.

**Criminal law:** DESERTION: FORMER CONVICTION. The former conviction of a husband for willful neglect to provide for his destitute wife is not a bar to another prosecution for the same offense, after expiration of his former sentence.

*Appeal from Polk District Court.*—HON. CHARLES A.

BRADSHAW, Judge.

THURSDAY, JUNE 6, 1912.

THE facts are stated in the opinion.—*Reversed.*

*George Cosson,* Attorney General, and *John Fletcher,* Assistant Attorney General, for the State.

No appearance for appellee.

SHERWIN, J.—The defendant is now, and has been since January, 1906, the husband of Martha E. Morgan. In May, 1909, he was indicted for refusing and neglecting to maintain and provide for his wife; and he was later convicted under said indictment and sentenced to the penitentiary, where he served his term. After his discharge therefrom, he returned to Des Moines, his former home, and the home of his wife, and has since said time, without good cause, willfully neglected and refused to

maintain and provide for his wife, although she has been and is in a destitute condition. On the 20th day of March, 1911, the indictment in this case was returned against the defendant, charging that on or about the 1st day of May, 1910, and up to the time of filing the indictment, the defendant did willfully, and without good cause, desert and refuse to maintain and provide for his said wife; she being then in a destitute condition. Pleas of not guilty and of a former adjudication were entered by the defendant, and at the close of the evidence the court, on the defendant's motion, directed a verdict of not guilty, on the ground alone of former conviction. The state appeals.

The only question presented on this appeal is whether a person, who has once been convicted and punished for willfully neglecting and refusing to maintain and provide for his wife, under section 4775-a of the Code Supplement, can be again tried and punished for refusing and neglecting to maintain and provide for her after the expiration of his former sentence. The question is not entirely free from doubt; but we reach the conclusion that the finding of the trial court is not in accord with the legislative intent, as the same is expressed in the entire act under consideration, nor in accord with the construction which this court has, in effect, heretofore given the statute.

So far as material here, section 4775-a reads as follows: "Every person who shall without good cause, willfully neglect or refuse to maintain or provide for his wife, she being in a destitute condition, or who shall, without good cause, abandon his or her legitimate or legally adopted child or children under the age of sixteen years, leaving such child or children in a destitute condition, or shall without good cause, willfully neglect or refuse to provide for such child or children, they being in a destitute condition, shall be deemed guilty of desertion." This section clearly makes it a crime to neglect or refuse to maintain

or provide for the wife, or to abandon the child or children, or to neglect or refuse to provide for such child or children. By neglecting or refusing to provide for or maintain his wife, the husband incurs the penalty; and by abandoning the child or children, or by neglecting to provide for such child or children, either the husband or wife, or both, incur the penalty. Three distinct cases are thus provided for and punished; and they are all named as "desertion" in the statute.

But this designation is not controlling in construing such statutes. The court should, and does, go beyond the mere name, and determine the acts that are made offenses against the statute and that incur the penalty. Mere desertion, or abandonment, the words being synonymous, of the wife, incurs no penalty. It is the willfull neglect or refusal, without good cause, to maintain or provide for her in her destitution that incurs the penalty. A husband, without any cause, and with ample means, may desert or abandon his wife, without bringing upon himself the punishment provided in this statute, unless it be shown that he left his wife in a destitute condition. In other words, a rich husband may desert a rich wife without violating this statute; and, if that be true, it is the neglect or refusal to maintain or provide for the wife that the statute punishes, and not the mere act of desertion; and as long as the condition named in the statute exists the husband is, in our opinion, subject to the penalty. He can not, of course, be twice punished for the same offense; but his neglect and refusal to provide for his wife, after he had served his former sentence, constitutes a new, separate, and distinct violation of this statute, for which he may be punished. Our conclusion as to the proper construction to be given the section under consideration is strengthened by section 4775-c of the same act, which provides, in substance, that the defendant may be released upon giving

a continuing bond, conditioned that he will furnish his wife with a "necessary and proper home, food, care and clothing."

In *State v. Dvoracek*, 140 Iowa, 266, the defendant deserted his wife and children before section 4775-a became a law, which was on the 28th day of March, 1907. In September, 1907, he was indicted for neglecting to maintain and provide for his wife and children, and we sustained the conviction that followed. The question presented in this case was not considered in that opinion; but it is manifest that the judgment could not have been sustained if this defendant's contention is right; for, if the statute punishes for mere desertion, that crime had been completed long before this statute was enacted.

There was a statute in Wisconsin that provided a penalty for abandoning the wife, or for the refusal or neglect to provide for her. And in *State v. Witham*, 70 Wis. 473 (35 N. W. 934), the court held that, while the abandonment occurred before the law took effect, still the willful refusal to provide for the wife continued to the time of the trial; and that the defendant was liable, under the statute, for the penalty imposed for such neglect. The decision supports our conclusion in this case.

The judgment should be, and it is, *reversed*.