PAULINA KUCERA, APPELLEE, v. LOUIS HANSEN, APPELLANT.

FILED MAY 29, 1914.    No. 17,723.

1. **Briefs** not prepared in accordance with the rules of this court are not entitled to consideration.

2. **Bastardy:** LIMITATION OF ACTION. Where the fact of the paternity of a bastard child is satisfactorily proved to charge the putative father, the statute of limitations will not run against a claim by the mother for the support of the child during the time it requires her care. *Denham v. Watson*, 24 Neb. 779.

APPEAL from the district court for Cuming county: GUY T. GRAVES, JUDGE. *Affirmed.*

*A. R. Oleson,* for appellant.

*Dolezal & Johnson, F. D. Hunker* and *H. M. Nicholson,* contra.

FAWCETT, J.

From a judgment of the district court for Cuming county, in favor of plaintiff in a proceeding under the bastardy statute, defendant appeals.

The brief filed by defendant contains no formal assignments of error, nor are the subdivisions of the discussion in the brief even numbered. It is therefore not entitled to be considered, except on the point that the evidence is insufficient. We have made an examination of the record and have been unable to discover any prejudicial error. While some of the evidence offered by plaintiff seems somewhat unreasonable, and different statements made by her are conflicting, we cannot say that the verdict of the jury,

finding defendant to be the father of plaintiff's child, is not sustained by the evidence.

The transcript shows that defendant moved to quash the complaint, for the reason that it shows upon its face that more than four years had elapsed since the time when the cause of action accrued and the filing of the complaint, and that the cause of action is barred by the statute of limitations. This motion was properly overruled, as was a demurrer based upon the same ground. The evidence shows that the action was commenced within less than four years after the birth of the child, but more than four years after the time of conception, at which time it is contended a cause of action under the bastardy act arises, and the statute of limitations begins to run. The distinction is immaterial. The statute does not begin to run from either of those dates. The plaintiff testified that both before and after the child was born she told defendant that he was the father and asked him to marry her, but that he put her off, saying he was not of age yet, and that she would have to wait until he became of age; that he then would marry her. This testimony brings the case within the rule announced in *Denham v. Watson*, 24 Neb. 779, where Judge Maxwell, speaking for the court, said: "It is not the policy of the law to encourage prosecutions of this kind brought years after the event, and, unless the testimony shows that the mother from the first had charged the offense upon the putative father, the claim could not be maintained. In other words, the charge made years afterwards must not rest on the mere assertions of the prosecutrix, then made and communicated to the putative father, but must show that from the conception or birth of the child he had been charged by the mother as being the child's father. The law is to be carefully guarded in this respect to prevent it from being used as a means of extorting money upon a false charge. Where, however, the fact of the paternity of the child is satisfactorily proved to charge the putative father, the statute of limitations will not run against a claim for its support during the time it requires the mother's care. The expenses in

such case being continuous, the father must provide for them. In other words, he must support his own child, and the statute will not bar such claims." In the case at bar the fact of the paternity of the child was, in the estimation of the jury and the trial court, satisfactorily proved, upon evidence which we think is sufficient to sustain their finding, and the evidence is also sufficient to show that plaintiff, both before and immediately after the birth of the child, claimed to the defendant that he was the father and insisted that he right her wrong by marrying her. Her action was not barred.

The court, evidently guided by *Denham v. Watson, supra,* made no allowance for past expenses, but entered judgment for $600, payable in monthly instalments of $10 each, the first instalment to be paid on the first of the month following the entry of the judgment.

The defendant seems to have had a fair trial, and the judgment is not excessive.

AFFIRMED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.