## STATE v. EARL FORD.[1]

February 10, 1922.

No. 22,672.

**Abandonment of wife—evidence sufficient to sustain conviction.**

1. The evidence in this case is sufficient to sustain a finding that defendant deserted and failed to support his wife while she was pregnant, that he intended to abandon her and that he had no lawful excuse therefor.

**Place of abandonment—evidence.**

2. Defendant and his wife had lived together but a few days in Stearns county, Minnesota. She then went to the home of her parents in Norman county, Minnesota. He visited her there in regard to a home and support. There was no family home. He lived with his parents out of the state. The evidence sustains a finding of abandonment in Norman county.

[1]Reported in 186 N. W. 812.

**Evidence—conversations between attorney and defendant not prejudicial.**

3. While at St. Cloud, defendant arranged for his wife to consult an attorney. He called later and paid the bill. Evidence of conversations between the attorney and defendant's wife was elicited by defendant. Of this he cannot complain. Evidence of a conversation between defendant and the attorney *held* not prejudicial error.

**Refusal to instruct.**

4. There was no error in refusal of instructions asked for by defendant.

Defendant was indicted by the grand jury of Norman county charged with the crime of desertion of his pregnant wife, tried in the district court for that county before Grindeland, J., and a jury which found him guilty as charged in the indictment. From an order denying his motion for a new trial and from the judgment, defendant appealed. Affirmed.

*Christian G. Dosland,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General and *M. A. Brattland,* County Attorney, for respondent.

HALLAM, J.

Defendant lived in North Dakota near the Minnesota line. Gladys Hoyne lived with her parents near Hendrum in Norman county on the Minnesota side. They became acquainted. Illicit relations followed and Gladys became pregnant. Defendant, while in Minnesota, was placed under arrest in proceedings to determine the paternity of the unborn child. Negotiations followed and as a result defendant married Gladys at Ada, Minnesota, and the proceedings were dropped. This was in October, 1920. On the day of the marriage the two took a train for Fargo where they remained until next day. They then went to St. Cloud, where they rented rooms and kept house and defendant secured employment. They remained in St. Cloud about two weeks. During this time defendant urged his wife to secure a divorce and sent her to an attorney for that purpose. She returned with the information that she could

not secure a divorce. Defendant told her he did not want to live with her and finally told her he was going to Oklahoma. They also talked of going back to Norman county or to his home in North Dakota. He says that she did not want to go to her home, but that nevertheless one day she left a note in the room saying she was going home, that they talked together after that, and she said she was going home for a time and then going to Shevlin. He suggested that she go to Minneapolis, but she preferred to go to Shevlin. She left St. Cloud to go to Hendrum and then to Shevlin. He took her to the train. She went home and stayed there. Soon thereafter he left St. Cloud. A few weeks later he returned to his parents in North Dakota. He called on his wife at Hendrum three times in all. They talked over their affairs and talked of living together, but came to no understanding. During the period that followed their meetings he sent her some money, but far from enough for her support. He was arrested February 11, 1921, and indicted May 10, 1921, for having abandoned his wife while pregnant. He was convicted and he appeals.

1. The evidence is in conflict, but it is sufficient to sustain the verdict of guilty. The statute is as follows:

"Every husband who, without lawful excuse, deserts and fails to support his wife while pregnant, with intent wholly to abandon her is guilty of a felony." G. S. 1913, § 8666, as amended by chapter 213, p. 308, Laws 1917.

There is evidence that defendant deserted and failed to support his wife while pregnant, that he intended wholly to abandon her and that he had no lawful excuse for his conduct.

2. Defendant contends that the offense was not committed in Norman county, and that under article 1, § 6, of the Constitution of Minnesota, the district court of that county had no jurisdiction to try the case. The question is not without difficulty, but we think there is sufficient evidence of abandonment in Norman county. There may have been an abandonment in St. Cloud, but, if so, it does not follow that there was not later an abandonment in Norman county. Desertion is a continuing offense and it may be a repeated offense.

Defendant and his wife had been married in Norman county and she was living there. There was no family home. He came to her at her parents' home in Norman county and they negotiated there in regard to a home and support. He went away leaving her there. We think the jury might find that there was a desertion and abandonment of her there. The case is quite different from State v. Justus, 85 Minn. 114, 88 N. W. 415, where the definite and only domicile of the family was in a county other than that in which defendant was prosecuted. The fact that defendant was living in North Dakota is not conclusive that there was not desertion and abandonment in Minnesota. 16 C. J. 164; Re Fowles, 89 Kan. 430, 131 Pac. 598, 47 L. R. A. (N. S.) 227; State v. Gillmore, 88 Kan. 835, 129 Pac. 1123, 47 L. R. A. (N. S.) 217; State v. Sanner, 81 Oh. St. 393, 90 N. E. 1007, 26 L. R. A. (N. S.) 1093; Re Kuhns, 36 Nev. 487, 137 Pac. 83, 50 L. R. A. (N. S.) 507.

3. While in St. Cloud defendant arranged for a consultation between his wife and an attorney, J. B. Pattison. After the consultation at which defendant was not present, defendant called and paid the bill. When he did so the attorney gave him some wholesome advice which he was, over defendant's objection, permitted to narrate. This is assigned as error. This evidence was probably not admissible, but it added little to the evidence in the case which had been received without objection and we cannot see that it was in any sense prejudicial.

On cross-examination by defendant's counsel, Mr. Pattison was permitted to give conversations between himself and defendant's wife. Of this defendant cannot complain.

4. Exception is taken to refusal of the court to give certain requests for instructions to the jury. The requests were numerous. We have examined them and have examined the charge with care. We find no error. The charge fully covered the case. Some of the requests stated principles of law correct in the abstract, but not applicable to the facts of this case. Others pertained to matters sufficiently covered by the charge.

Order affirmed.