## GEORGE HERSHMAN v. MORRIS RAZKIN.[1]

June 18, 1926.

No. 25,479.

**Query whether order is appealable.**

1. It is doubtful whether an appeal can be taken from an order denying a motion to vacate an order dismissing an appeal from a judgment of a justice court.

**After dismissal of appeal from justice court judgment appellant has no right to substitute new bond.**

2. Construing G. S. 1923, § 9100, it is *held* that one who appeals from a judgment rendered in justice court has no right to substitute a new bond after his appeal has been dismissed because the original bond was defective or insufficient.

Appeal and Error, 3 C. J. p. 593 n. 87 New.
Justices of the Peace, 35 C. J. p. 770 n. 33 New; p. 810 n. 30.

Defendant appealed from an order of the district court for Pope county, Flaherty, J., dismissing an action, begun in justice court,

[1]Reported in 209 N. W. 488.

because of defective bond and refusing the motion to reopen the matter and for leave to file a new bond. Affirmed.

*H. Zander*, for appellant.

*Frank J. Zima*, for respondent.

LEES, C.

Defendant appealed from a judgment of a justice court. At the preliminary call of the district court calendar, plaintiff moved that the appeal be dismissed because of the insufficiency of the bond on appeal. The motion was granted. Defendant then obtained an order to show cause why the appeal should not be reinstated and placed on the calendar for trial and why he should not be allowed to amend the bond or furnish a new one. An affidavit in support of the application and one in opposition were presented to the court. After a hearing, the application was denied and the order to show cause discharged, for the reason that defendant did not offer to give a new bond before the case was disposed of by the order dismissing the appeal. An appeal to this court was taken from this order.

An order dismissing an appeal from a justice court judgment is not appealable. Graham v. Conrad, 66 Minn. 470, 69 N. W. 215. In the case cited the reason given was that under c. 24, p. 144, L. 1895, in all cases of appeal from a justice court, if the appeal was dismissed for any cause, the district court entered judgment affirming the judgment of the court below. In its present form, the statute is slightly different. G. S. 1923, § 9102, provides that upon the dismissal of the appeal the district court shall have power to affirm the judgment. In the instant case the power was not exercised, hence Graham v. Conrad, supra, may not be controlling and we pass by the question without further consideration.

Section 9093, G. S. 1923, provides that no appeal from the judgment of a justice of the peace shall be allowed unless, within 10 days after judgment is rendered, a bond is executed by the appellant to the adverse party in a sum sufficient to secure the judgment and costs of appeal, with sufficient surety, to be approved by the clerk of the district court.

Section 9100, G. S. 1923, reads as follows:

"No appeal allowed by a justice shall be dismissed on account of there being no bond, or of the bond given being defective or insufficient, if the appellant, before the motion to dismiss is determined, shall execute a sufficient bond, approved by the judge of the district court, and pay all costs incurred by reason of such default or omission."

It is upon this section of the statute that defendant bases his appeal. It will be observed that the statute permits the appellant to give a sufficient bond "before the motion to dismiss is determined." The order of the district court recites as a fact that no request for leave to file a new bond was made until after the appeal had been dismissed. The attorney for the defendant states in his affidavit that the request was made as soon as his attention was called to the insufficiency of the bond and before the motion to dismiss was granted, but this is contradicted in the affidavit of the plaintiff's attorney, and the order of the court determines in effect that the appeal was dismissed before defendant asked leave to submit a new bond.

In Eidam v. Johnson, 79 Minn. 249, 82 N. W. 578, the court said that under the statute an appeal should not be dismissed for want of a proper bond if the appellant "cured the defect by new sureties, or even by a new bond, before a motion to dismiss should be determined. * * * Defects, or even a want of a proper bond, on an appeal from a justice's judgment, are not jurisdictional, but * * * the statute * * * still leaves—for the purpose of securing a proper bond—power in the district court to permit the substitution of a new bond before the matter is finally disposed of."

The language of the statute and the construction placed upon it in the case cited lead to the conclusion that, after the dismissal of an appeal for want of a bond or because the bond is defective or insufficient, the appellant has no right to substitute a new bond unless the court vacates the order dismissing the appeal. It is largely discretionary with the court to grant or deny an application for the vacation of an order dismissing an appeal. In the present case there was not an abuse of discretion in denying defendant's application for relief.

Order affirmed.