## STATE v. HARRY C. WOOD.[1]

June 18, 1926.

No. 25,568.

**Directed verdict that defendant had been in jeopardy of punishment not required.**

1. The facts mentioned in the opinion did not require the court to direct a verdict in defendant's favor on the ground that he had once been in jeopardy of punishment for the offense for which he was tried and convicted.

**Inexcusable failure to provide for one's minor children continuing offense.**

2. The wilful and inexcusable failure of a father to provide for the support of his minor children is a continuing offense. An acquittal in a prosecution for deserting them is not a bar to another prosecution for nonsupport subsequent to the date of the alleged desertion.

**When evidence of amount of support provided by father is admissible to show failure was wilful.**

3. Evidence showing the extent of defendant's contributions toward the support of his children during the period involved in the first prosecution is admissible to show that his subsequent failure to support them was wilful.

**Evidence justified verdict that accused had no lawful excuse for failure.**

4. The evidence was sufficient to justify the jury in finding that there was no lawful excuse for defendant's failure to support his children.

Criminal Law, 16 C. J. p. 263 n. 34; p. 265 n. 48; p. 266 n. 49; p. 269 n. 82; p. 589 n. 18; p. 758 n. 57 New.
Parent and Child, 29 Cyc. p. 1676 n. 99; p. 1677 n. 2; p. 1679 n. 29.

Defendant appealed from a judgment of the municipal court of Minneapolis, C. L. Smith, J., convicting him of failure to support his four minor children. Affirmed.

*Z. L. Begin,* for appellant.

*Clifford L. Hilton,* Attorney General, *Neil M. Cronin,* City Attorney, and *Arthur P. Jensen,* Assistant City Attorney, for respondent.

[1] Reported in 209 N. W. 529.

LEES, C.

Charged with the offense of failing to support his four minor children, defendant was found guilty by a jury and appealed from the judgment.

The record discloses these facts: The mother of the children died in the year 1922, leaving them in the care of Phoebe Cambern, their maternal grandmother. The oldest child is 13 and the youngest five years of age. Defendant remarried two months after the death of the children's mother. He had steady employment in a garage in Minneapolis, where he earned $30 a week until August 20, 1925, when he quit work and went to Florida. After he left Minneapolis and up to February 2, 1926, his contributions toward the support of his children aggregated $80, which was not enough to maintain them. He did not tell Mrs. Cambern that he was going to leave the state. She was first informed of his departure when she received a letter from him mailed at Miami, Florida. On February 2, 1926, the grand jury of Hennepin county returned an indictment charging defendant with wilfully deserting and abandoning his children on or about September 1, 1925. A bench warrant was issued and he was taken into custody at Jacksonville, Florida, on February 5th, brought before the district court of Hennepin county and arraigned on February 15th, entered a plea of not guilty, and on February 26th a jury was impaneled and sworn to try him upon the charge set forth in the indictment. After the trial began, the case was dismissed on the motion of defendant's counsel, and on the same day, upon the complaint of Mrs. Cambern charging defendant with wilfully failing to support his children, he was again arrested, placed on trial in the municipal court of the city of Minneapolis, convicted and sentenced to imprisonment in the Minneapolis workhouse. At the trial he entered a plea of not guilty, and filed in writing a plea setting forth the proceedings in the district court, claiming that by reason thereof he had been put in jeopardy of punishment for the same offense. To show that he had been in jeopardy, he introduced in evidence the record and files in the district court, and at the close of the evidence asked the court to instruct the jury to return

a verdict of not guilty. The request was denied and an exception taken.

On this appeal he assigns as error the refusal to sustain his plea of former jeopardy, the refusal to exclude evidence of nonsupport prior to February 2, 1926, and the denial of his motion for a directed verdict.

The greater portion of the brief in his behalf is devoted to a discussion of the first assignment of error.

In State v. Sommers, 60 Minn. 90, 61 N. W. 907, the court said:

"What constitutes 'jeopardy of punishment' * * * and when it attaches, are questions upon which there is not entire harmony among the authorities. * * * We think it may be considered as settled by the great weight of authority, and in accordance with sound principle, that a person is put in jeopardy of punishment, in the legal sense, when a trial jury is impaneled and sworn to try his case, upon a valid indictment, or, as it was expressed at common law, 'when the jury is charged with the defendant.'"

In State v. Moore, 86 Minn. 422, 90 N. W. 787, the court said:

"It is possible that the evidence to sustain the plea of former conviction was technically incomplete, in that, at the time of the defendant's second trial, judgment had not been actually entered on the verdict in the first case."

In State v. Healy, 136 Minn. 264, 161 N. W. 590, L. R. A. 1917D, 736, the court quoted this language with approval:

"The plea of a former acquittal 'must be upon a prosecution for the same identical act and crime.' * * * When the facts necessary to convict on a second prosecution would not necessarily have convicted on the first, then the first prosecution will not be a bar to the second."

In State v. Artz, 154 Minn. 290, 191 N. W. 605, it was held by a divided court that the dismissal of an indictment charging the defendant with murder was not a bar to a subsequent prosecution for the same offense under a second indictment.

In State v. Summerland, 155 Minn. 395, 193 N. W. 699, the court said:

·"At common law * * * the rule was that an indictment under which defendant had been tried and upon which judgment had been pronounced could be made the basis of a plea bar to other indictments charging the same offense, but nothing short of ·a conviction or acquittal would support such a plea."

In State v. Kiewel, 166 Minn. 303, 207 N. W. 646, the court said:

"There can be no jeopardy of punishment in the legal and constitutional sense until a jury is impaneled and sworn to try the accused on a valid indictment. * * * In view of the possibly exclusive effect of the statutory enumeration of pleas to an indictment, there is some question whether * * * former jeopardy * * * can be asserted by plea in advance of the trial or whether they can be availed of only under the general issue at the trial."

These excerpts from the opinions indicate that it is doubtful whether defendant made a sufficient showing that he had once been in jeopardy of punishment for the nonsupport of his children, but for the purpose of this discussion we will assume that he did. Nevertheless we are of the opinion that the plea was properly overruled. The offense of nonsupport of wife or children, as defined by G. S. 1923, § 10136, like the offense of desertion, as defined in G. S. 1923, § 10135, is a continuing one. State v. Clark, 148 Minn. 389, 182 N. W. 452; State v. Ford, 151 Minn. 382, 186 N. W. 812; State v. Morgan, 155 Iowa, 482, 136 N. W. 521, 40 L. R. A. (N. S.) 615. The offense for which defendant was tried in the district court was committed, if committed at all, prior to February 2, 1926. Defendant's failure to support his children after that date could not have been proved at that trial. The result of the trial, whatever it was, did not absolve defendant from the future performance of his duty to support his children. His present conviction is for an offense committed after the date of that with which he was charged in the indictment. There is no foundation upon which to rest a plea of former jeopardy, because the facts upon which the second prosecu-

tion is based are not the same as those which were the basis for the first prosecution.

There was no error in the admission of evidence of defendant's shortcomings prior to February 2. Proof of nonsupport during that period was competent to show his intent or disposition to neglect his children. It tended to show that his failure to perform his duty after February 2 was wilful. Even if the jury acquitted defendant at the first trial, it does not follow that evidence introduced at that trial was not admissible at the second trial. City of Duluth v. Nordin, 166 Minn. 466, 208 N. W. 189. The same single criminal act was not the basis of both prosecutions.

The last assignment of error cannot be sustained. It is true that there cannot be a conviction unless the failure to support is wilful and without legal excuse. State v. Garrison, 129 Minn. 389, 152 N. W. 762. But under the evidence the jury might properly find that defendant was able to earn and had earned enough to support his children properly and that he had only partially performed the duty he owed them.

We are told in defendant's brief that he was imprisoned after he was brought here from Florida and could not earn any money while deprived of his liberty. The record is silent as to this and of course we cannot look beyond it to ascertain the facts. But, even if it had been shown that defendant was in custody continuously after February 5th, that fact alone would not be a legal excuse for his failure to make any provision for the support of his children. The jury might infer that all defendant's earnings prior to his arrest had not been spent and that it was within his power to have made some provision for the children's support after February 2nd, had he been disposed to do so.

Judgment affirmed.