## PAUL A. KRUEGER v. BERTHA I. KRUEGER.[1]

April 18, 1941.

No. 32,783.

*Earl W. Dayton,* for appellant.
*John V. Bumby,* for respondent.

JULIUS J. OLSON, JUSTICE.

In a suit for divorce, defendant wife prevailed under her cross bill. She appeals from that portion of the resulting judgment which has to do with division of their property interests and the allowance made for the care and support of three minor children, the oldest being 11 years, the next 9 years, and the youngest but four years of age.

[1]Reported in 297 N. W. 566.

The properties divided between the parties consist of farm lands, one farm containing 240 acres being awarded to the husband, and one of 160 acres to the wife. Both farms are heavily mortgaged, the wife's for $9,600, the husband's for $7,370. There also was division in kind of farm equipment and other items. Defendant bitterly assails the property division as unjust and inequitable; also that the allowance for support of the children, whose care and custody was given to her, is so grossly inadequate as to make unjustifiable the court's award in that respect.

■ Unfortunately there is here no bill of exceptions or settled case. There is only a transcript taken by the court reporter, but it never has been submitted to the court for approval. (There was no motion for new trial or amended findings. The attorneys originally employed are no longer in the case. Both parties have engaged new counsel.) Under these circumstances, our cases hold without deviation that the only question presented here is whether the findings are sufficient to support the conclusions of law and the judgment entered pursuant thereto. Elton v. Northwestern Nat. L. Ins. Co. 192 Minn. 116, 255 N. W. 857, 859, and cases cited at page 120. See also In re Estate of Miller, 196 Minn. 543, 265 N. W. 333.

Limited as we are by this rule, we cannot go into the reporter's transcript to determine whether defendant's complaint in respect to division of property is supported by the evidence. The facts found by the court on that issue sustain that part of the judgment.

■ In respect to support of the children, all being of tender years, we think that the amount awarded obviously is so inadequate that the court's determination cannot be sustained. The court found that "plaintiff is financially able to contribute to the care of said minor children." Yet only $10 per month was allowed for the "care, maintenance, education, and support" of all of them. If that amount had been allowed for each there might be some reason for sustaining the court's award. As matters now appear, there is no justification for the result reached within the sound judicial discretion that all courts are required to observe.

Defendant is laboring under a terrific burden in attempting to carry on with a quarter section of land encumbered for $9,600. While plaintiff may be, as his counsel suggests, also laboring under a heavy financial burden as to the property awarded him, the fact remains that it is still the father's duty to support his children. Were he "wilfully" to fail in this regard he could, under our law, be prosecuted and subjected to criminal punishment. 2 Mason Minn. St. 1927, § 10136. And such an offense is a continuing one. State v. Wood, 168 Minn. 34, 209 N. W. 529. If the present decree is to stand, he could successfully defend such prosecution although it were made to appear beyond question that such contribution is wholly inadequate and that he has means to meet a much greater burden.

Upon the trial court, of course, rests the primary duty of determining what should be allowed in any given circumstances. But we do not believe that the sum here mentioned is anywhere near "a reasonable amount." The cause should be remanded to that court with directions to hear further evidence, if such is deemed necessary, and to reëxamine this phase of the litigation. The court should at least make such further and additional award to the wronged wife as shall be reasonably adequate to meet a father's statutory duty in such circumstances. After all, the duty imposed by statute is only a father's natural duty to support his own children.

Defendant is allowed $50 attorney's fees in this court plus statutory costs and disbursements.

Cause remanded for further proceedings in harmony with this opinion.