## STATE v. FRED J. JOHNSON.[1]

February 11, 1944.

No. 33,606.

*J. Russell Carroll,* for appellant.

*Michael J. Dillon,* County Attorney, and *Lucien A. Selover,* Assistant County Attorney, for the State.

PETERSON, JUSTICE.

Defendant was convicted of being the father of an illegitimate child, conceived on November 6, 1934, and born on July 30, 1935. On April 30, 1937, a complaint charging him with being the father of the child was filed and a warrant for his arrest was issued. Defendant was arrested and brought into the municipal court of Minneapolis on June 20, 1942, which held him to the district court. He was tried and convicted in the district court of Hennepin

[1]Reported in 13 N. W. (2d) 26.

county on March 16, 1943. On May 21, 1943, judgment was entered, among other things, that defendant should be subject to all the obligations for the care, maintenance, and education of the child and to all penalties for failure to perform the same as the father of a legitimate child of like age and capacity, and that he pay the sum of $15 per month beginning March 30, 1943, for the care, support, and education of the child.

Two questions are presented: (1) whether the proceeding should have been dismissed under Minn. St. 1941, § 546.38 (Mason St. 1927, § 9321), for failure to bring it on for trial within five years; and (2) whether prosecution was barred under § 541.05(2), (§ 9191[2]), as an action upon a liability created by statute not brought within six years.

■ Under § 546.38 (§ 9321), the district court has discretionary power to dismiss "any and all actions or proceedings pending therein in which issue shall have been joined and which shall not be brought to trial within five years from and after the commencement of each action or proceeding." Where delay in bringing an action or proceeding on for trial is explained to the satisfaction of the court, it may refuse to dismiss. Wheeler v. Whitney, 156 Minn. 362, 194 N. W. 777. We think that there was satisfactory explanation here of the failure to try defendant sooner. Although there was evidence to the effect that he lived with the complainant during part of the period within the territorial jurisdiction of the court, the fact remains that the police did not apprehend him. It appears by the return of the police officer who was entrusted with the warrant for arresting defendant that after due and diligent search and inquiry the officer was unable to find him in Hennepin county. The return is in no manner assailed. The county attorney could not bring the proceeding on for trial until defendant was before the court. Where, as here, the defendant is at large and the only means of obtaining jurisdiction of him in an illegitimacy proceeding is by his arrest under a warrant issued for the purpose pursuant to § 257.18, subd. 2 (§ 3270), the court is powerless to proceed until he has been arrested and brought before it. Moyer

v. Bucks, 2 Ind. App. 571, 28 N. E. 992, 50 A. S. R. 251, 16 L. R. A. 231. Of course he could have waived arrest under the warrant and appeared voluntarily. Coolbeth v. Gove, 108 Vt. 499, 189 A. 858. See State v. Volk, 144 Minn. 223, 174 N. W. 883. No complaint is made that the proceeding was not brought on for trial promptly after his arrest. The case of State v. Hansen, 187 Minn. 235, 244 N. W. 809, does not help defendant, because there we simply held that, where the defendant in an illegitimacy proceeding causes or procures the delay, he is not entitled to a dismissal under the statute. The record here suggests that defendant, knowing that the warrant for his arrest was outstanding, avoided arrest and thereby caused the delay of which he now complains. Under the circumstances, the failure to bring the proceeding on for trial within five years after filing of the complaint was excusable.

■ Because at common law the father of an illegitimate child was not liable for its care, maintenance, and support, and because an obligation to provide for such a child's care, maintenance, and support is imposed upon the father by §§ 257.18 to 257.31 (§§ 3261 to 3273[2] with the amendments thereto appearing in the 1941 Supp.), the obligation is a liability created by statute. State v. Lindskog, 175 Minn. 533, 221 N. W. 911; Olson v. Johnson, 23 Minn. 301. Whether or not that obligation is a liability created by statute within the meaning of § 541.05(2), (§ 9191[2]), requiring an action "upon a liability created by statute" to be brought within six years, does not necessarily control decision here.

We have laid down the rule in the analogous case, where the obligation was that of the father of a legitimate child. The obligation of a father to provide for the care, support, and education of his legitimate child during its minority is continuing in nature. Krueger v. Krueger, 210 Minn. 144, 297 N. W. 566; State v. Ford, 151 Minn. 382, 186 N. W. 812; State v. Clark, 148 Minn. 389, 182 N. W. 452. During the time the obligation continues the father cannot terminate or evade it; much less can he accomplish that result by a violation of the obligation. The statute of limitations

[2]Sections 3272(d) and 3273 are not printed in Minn. St. 1941.

does not run against the father's breach or violation of such obligation while it continues. Knutson v. Haugen, 191 Minn. 420, 254 N. W. 464. The rule that the statute of limitations does not run until the liability has ceased to continue rests upon the principle that where the obligation is continuing in nature the breach or violation of duty continues so long as the obligation continues, and that the cause of action or penalty, as the case may be, must be deemed to be continually accruing during the entire time the obligation and the breach thereof continue.

Like rules obtain in the case of the father of an illegitimate child. Section 257.23 (Mason St. 1941 Supp. § 3265), provides that where the defendant is found guilty he shall be adjudged "thenceforth subject to all the obligations for the care, maintenance, and education of such child and to all the penalties for failure to perform the same which are or shall be imposed by law upon the father of a legitimate child of like age and capacity." The 1927 law is to the same effect. Mason St. 1927, § 3265. The intention to impose such an obligation is also manifest from Mason St. 1927, § 3272(d), which reads:

"This chapter [the illegitimacy statute] shall be liberally construed with a view to effecting its purpose, which is primarily to safeguard the interests of illegitimate children and secure for them the nearest possible approximation to the care, support and education that they would be entitled to receive if born of lawful marriage, which purpose is hereby acknowledged and declared to be the duty of the state; and also to secure from the fathers of such children repayment of public moneys necessarily expended in connection with their birth."

Where, as here, a statute imposes upon the father of an illegitimate child an obligation to provide for its care, support, or education during a given period, such as during its minority, the obligation is continuing in nature. Breach or violation of that duty by the father of an illegitimate child likewise is continuing in nature, People v. Stanley, 33 Cal. App. 624, 166 P. 596; Richardson v. State, 30 Del. (7 Boyce) 534, 109 A. 124, the same as in the case

of the father of a legitimate child. The statute of limitations does not run against the prosecution of an illegitimacy proceeding during the time the father is liable for the child's support. State ex rel. Washington v. Hunter, 67 Ala. 81; Kucera v. Hansen, 96 Neb. 316, 147 N. W. 686; Denham v. Watson, 24 Neb. 779, 40 N. W. 308.

The South Dakota court has held that an illegitimacy proceeding is an action upon a liability created by statute, which is required to be brought within six years, and that, where such a proceeding is commenced within six years from the birth of the child, it is not barred. State ex rel. Berge v. Patterson, 18 S. D. 251, 100 N. W. 162; State ex rel. Patterson v. Pickering, 29 S. D. 207, 136 N. W. 105, 40 L.R.A.(N.S.) 144. In Oklahoma it was held that where an illegitimacy proceeding is not commenced within three years after the birth of the child it is barred as an action upon a liability created by statute not brought within the three years allowed by the statute for bringing such an action. Johnson v. State, 173 Okl. 508, 49 P. (2d) 141; Impson v. State, 166 Okl. 246, 27 P. (2d) 359. Those cases are not in point because they did not involve the question whether or not the father's obligation was continuing, as it is here.

Our conclusion is that the defendant was not entitled to a dismissal under the circumstances for failure to bring the case on for trial within five years after the filing of the complaint and the issuance of the warrant, and that the prosecution was not barred by the section in question of the statute of limitations.

Affirmed.

MR. JUSTICE STREISSGUTH took no part in the consideration or decision of this case.