# IN THE MATTER OF THE APPLICATION OF CHRISTIAN E. BRUCHMAN for a Writ of Habeas Corpus.

## (148 N. W. 1052.)

**Habeas corpus — extradition — hearing before governor — courts — extent of inquiry — sufficiency of complaint — jurisdiction.**

1. Upon habeas corpus to review a proceeding to extradite an alleged fugitive from justice at the issuance of another state, and after a hearing and the issue of a warrant of arrest by the governor of the state to which the fugitive has fled, the courts, the papers being otherwise regular, will not inquire into the technical sufficiency of the complaint or affidavit, but whether they sufficiently charge the commission of a crime in the demanding state. They will not inquire or allow evidence to be introduced of the guilt or innocence of the defendant, nor whether, as a matter of fact, the crime has been committed at all in the case where a person is charged with having deserted or failed to support his wife and children, and where the proof of the commission of the crime must necessarily be the same as the proof of the guilt or innocence of the accused. All they will inquire into is whether at the time of the alleged offense, as set forth in the complaint, the defendant was actually within the jurisdiction of the demanding state.

**Extradition — motives — offense charged — divorce case pending — service of process.**

2. Nor will the motive which lies behind the extradition be generally inquired into, save as it is necessary to show that the requisition is for a purpose of subjecting the defendant to prosecution for the offense charged, and not merely to subserve private malice or to obtain service upon him for some other purpose; and though it is shown that a divorce proceeding is pending between the parties, and that the plaintiff has been unable to obtain personal service upon the defendant, such fact will not prevent the extradition of the defendant, where

---

Note.—It seems to be the generally accepted rule, as shown by a review of the authorities in a note in 21 L.R.A.(N.S.) 939, that an accused who is held in an asylum state upon an extradition warrant can be heard upon the merits of a charge made against him in the demanding state.

the complaining witness specifically states in her affidavit that the application "is not made to secure his return to afford an opportunity to serve him with civil process or for any other similar purpose," and that she "does not desire to use said prsecution for the purpose of collecting a debt or for any other purpose, and will not directly or indirectly use the same for any such purpose."

Opinion filed October 8, 1914.

Original application for the issuance of a writ of habeas corpus. Writ quashed.

Statement by BRUCE, J.

A writ of habeas corpus was issued out of the supreme court in this case, and this hearing is on the return thereto. The affidavit of the district attorney of La Crosse county, Wisconsin, and the application for the writ, states, among other things, that "I further certify that said charge against the said fugitive, Christian E. Bruchman, is the offense of unlawfully and wilfully neglecting and refusing to provide for the support and maintenance of his wife and their two minor children, aged seven and five, leaving them in destitute and necessitous circumstances, committed at the city of La Crosse, in the county of La Crosse and state of Wisconsin, on the 19th day of August, 1913, and thence continuously to the date of the complaint, and that a trial had in the state of Wisconsin shall be under the provisions of § 4587c of the laws of the state of Wisconsin for the year 1913; that said offense and the punishment thereof is defined in said section aforesaid, and said section is as follows, to wit: 2. "Abandonment of Child or Wife; penalty; Section 4587c. Any person who shall without just cause, desert or wilfully neglect or refuse to provide for the support and maintenance of his wife in destitute or necessitous circumstances; or any person who shall, without lawful excuse, desert or wilfully neglect or refuse to provide for the support and maintenance of his or her legitimate or illegitimate minor child or children under the age of sixteen years, in destitute or necessitous circumstances, shall be punished by fine not exceeding five hundred dollars, or imprisonment in the state prison, county jail, or in the county workhouse not exceeding two years, or both, in the discretion of the court."

In addition to this is the affidavit of the complaining witness, Mathilda

T. Bruchman, which is as follows: Mathilda T. Bruchman, being first duly sworn on oath, says that she is the complaining witness in the above-entitled action, a certified copy of which complaint therein being hereto annexed and made a part hereof; that application for requisition for said Christian E. Bruchman is made in good faith, and for the sole purpose of punishing him for the crime of unlawfully and wilfully neglecting and refusing to provide for the support and maintenance of his wife and their two minor children, aged five and seven, leaving them in destitute and necessitous circumstances, committed at the city of La Crosse, county of La Crosse, and state of Wisconsin, on the 19th day of August, 1913, and thence continuously to the date of the complaint, as appears more fully from said complaint, and not to secure his return to the state of Wisconsin to afford an opportunity to serve him with civil process, nor for any other similar purpose, and that she does not desire nor expect to use the said prosecution for the purpose of collecting a debt, or for any private purpose, and will not, directly or indirectly, use the same for any of said purposes. Deponent further says that said crime, as aforesaid, is contrary to the laws of the state of Wisconsin, and that said Christian E. Bruchman has fled from the justice of the state of Wisconsin, and from the jurisdiction thereof, and is, as deponent is informed and verily believes, in the city of Ambrose, state of North Dakota, and that said Christian E. Bruchman was, to deponent's knowledge, in the county of La Crosse and state of Wisconsin, on the 19th day of August, 1913, when and where the crime stated in the complaint was committed; and that on or about the 1st day of March, 1914, the said Christian E. Bruchman was located by means of correspondence at Ambrose, North Dakota; and this deponent further says that immediately after the commission of said crime, said Christian E. Bruchman did abscond and flee from the state of Wisconsin, and ever since has been and now is a fugitive from justice and therefrom; and that upon the criminal complaint hereinbefore mentioned, a criminal warrant was issued by the county court of said county of La Crosse and state of Wisconsin, aforesaid, for the arrest of the said fugitive, Christian E. Bruchman, a certified copy of which warrant is hereto annexed and made a part of this affidavit." The complaint in the criminal action which was brought in Wisconsin is as folllows: "Mathilda T. Bruchman, being duly

sworn, says that on the 19th day of August, in the year 1913, at the city of La Crosse, in said county of La Crosse and state of Wisconsin, Christian E. Bruchman did, and ever since has, unlawfully and feloniously and without just cause and without lawful excuse, wilfully neglected and refused to provide for the support of his wife and their two minor children, aged seven and five, they being left in destitute and in necessitous circumstances."

The governor of North Dakota, upon the application of the governor of Wisconsin, issued his warrant for the extradition of the said Christian E. Bruchman. Upon his arrest by the sheriff of Divide county for the purpose of delivering him to said county pursuant to such warrant, the said Bruchman made application for a writ of habeas corpus in the said county, in which county the said Bruchman resided. Upon the hearing, the Honorable K. E. Leighton, the judge of said district, refused to allow any testimony to be introduced tending to show that no crime, in fact, had been committed, and that hence the petitioner was not a fugitive from justice, since such proof would also tend to prove him innocent of the crime charged. The petitioner filed a new petition in the supreme court, and a writ was issued returnable October 2, 1914.

*C. E. Brace,* for relator.

The writ of habeas corpus is available to every person imprisoned or deprived of his liberty, and a warrant of the executive is subject to review by the courts. Rev. Codes 1905, § 1030; 8 Standard Enc. Proc. 857; People ex rel. Lawrence v. Brady, 56 N. Y. 182; Hyatt v. New York, 188 U. S. 691, 710, 47 L. ed. 657, 661, 23 Sup. Ct. Rep. 456, 12 Am. Crim. Rep. 311.

State courts have jurisdiction to determine the validity of interstate extradition proceedings, by habeas corpus. Re Manchester, 5 Cal. 238; Re Mohr, 73 Ala. 503, 49 Am. Rep. 63; Jones v. Leonard, 50 Iowa, 106, 32 Am. Rep. 116; Re Cook, 49 Fed. 839; Roberts v. Reilly, 116 U. S. 80, 29 L. ed. 544, 6 Sup. Ct. Rep. 291.

Courts may determine sufficiency of charge,—whether party is a fugitive from justice, whether warrant was issued by the governor, and its sufficiency. Re Tod, 12 S. D. 386, 47 L.R.A. 566, 76 Am. St.

Rep. 616, 81 N. W. 637, 12 Am. Crim. Rep. 303; Ex parte Hart, 28 L.R.A. 801, 11 C. C. A. 165, 25 U. S. App. 22, 63 Fed. 249.

Governor's decision that person is a fugitive from justice is not conclusive. Ex parte Hart, 28 L.R.A. 801, 11 C. C. A. 165, 25 U. S. App. 22, 63 Fed. 249; Jones v. Leonard, 50 Iowa, 106, 32 Am. Rep. 116; Re Mohr, 73 Ala. 512, 49 Am. Rep. 63.

The charge must be complete, and the complaint must show that it is pending before some proper tribunal. People ex rel. Lawrence v. Brady, 56 N. Y. 182; Forbes v. Hicks, 27 Neb. 111, 42 N. W. 898; Smith v. State, 21 Neb. 552, 32 N. W. 594.

Papers must show that prisoner was in the demanding state when the offense charged was committed. People ex rel. Ryan v. Conlin, 15 Misc. 303, 72 N. Y. S. R. 110, 36 N. Y. Supp. 890; Ex parte Reggel, 114 U. S. 642, 29 L. ed. 250, 5 Sup. Ct. Rep. 1148, 5 Am. Crim. Rep. 218; Hyatt v. New York, 188 U. S. 691, 710, 47 L. ed. 657, 661, 23 Sup. Ct. Rep. 456, 12 Am. Crim. Rep. 311; Hartman v. Aveline, 63 Ind. 344; Wilcox v. Nolze, 34 Ohio St. 520; Re Mohr, 73 Ala. 512, 49 Am. Rep. 63; Jones v. Leonard, 50 Iowa, 106, 32 Am. Rep. 116; Strassheim v. Daily, 221 U. S. 280, 55 L. ed. 735, 31 Sup. Ct. Rep. 558; Re Mitchell, 4 N. Y. Crim. Rep. 596; Re Fetter, 23 N. J. L. 311, 57 Am. Dec. 382; Tennessee v. Jackson, 1 L.R.A. 370, 36 Fed. 258; State v. Hall, 115 N. C. 811, 28 L.R.A. 289, 44 Am. St. Rep. 501, 20 S. E. 729, 10 Am. Crim. Rep. 297.

*Dorr H. Carroll,* for respondent.

Two matters are passed upon by the governor who issues the warrant: 1. Is the accused charged with a crime in the demanding state; and, 2. Is he a fugitive from justice? Roberts v. Reilly, 116 U. S. 80, 29 L. ed. 544, 6 Sup. Ct. Rep. 291; Bruce v. Rayner, 62 C. C. A. 501, 124 Fed. 481; Church, Habeas Corpus, 468.

The governor of a surrendering state has the right to fully inform himself on such subjects. Church, Habeas Corpus, 468, § 233; Re Cook, 49 Fed. 833; Ex parte Brown, 28 Fed. 653; Re Clark, 9 Wend. 212; State ex rel. Arnold v. Justus, 84 Minn. 237, 55 L.R.A. 325, 87 N. W. 770; State ex rel. Munsey v. Clough, 71 N. H. 594, 67 L.R.A. 946, 53 Atl. 1086; Katyuga v. Cosgrove, 67 N. J. L. 213, 50 Atl. 679; Hayes v. Palmer, 21 App. D. C. 450; People ex rel. Corkran v. Hyatt, 172 N. Y. 176, 60 L.R.A. 774, 92 Am. St. Rep. 706, 64 N. E. 825;

Roberts v. Reilly, 116 U. S. 80, 29 L. ed. 544, 6 Sup. Ct. Rep. 291; Re Voorhees, 32 N. J. L. 141; Wilcox v. Nolze, 34 Ohio St. 520; Hartman v. Aveline, 63 Ind. 344; Jones v. Leonard, 50 Iowa, 106, 32 Am. Rep. 116; Re Mohr, 73 Ala. 503, 49 Am. Rep. 63; Re Jackson, 2 Flipp. 183 Fed. Cas. No. 7,125; Ex parte Smith, 3 McLean, 121, Fed. Cas. No. 12,968; Cooley, Const. Lim. 430; Koepke v. Hill, 87 Am. St. Rep. 172, note; State ex rel. Styles v. Beaverstad, 12 N. D. 527, 97 N. W. 548.

The intent of the complaining witness is usually immaterial. Re Van Sciever, 42 Neb. 772, 47 Am. St. Rep. 730, 60 N. W. 1037.

BRUCE, J. (after stating the facts as above). Counsel for petitioner insists that no crime is charged in the affidavit of Mathilda T. Bruchman, which was presented to the governor of North Dakota on the demand for the extradition. He also insists that the petitioner is not a fugitive from justice. He alleges: (1) That the affidavit does not state that the petitioner is a married man, and does not name or designate the party or parties alleged to have been neglected and for whom support was not provided; (2) that the affidavit does not purport to be made by anyone knowing the facts; (3) the affidavit does not allege as a positive fact that the petitioner is the father of the children alleged to have been neglected; (4) that the affidavit does not allege in particular that the parties neglected were left in destitute and necessitous circumstances; (5) that the affidavit does not state in what particular, or with any degree of precision at all, the specific facts with which the petitioner stands charged constituting the crime attempted to be alleged. He admits that to be a fugitive from justice in the sense of the act of Congress regulating the subject under consideration, it is not essential that the party charged should have left the state in which the crime is alleged to have been committed, after an indictment found, or for the purpose of avoiding prosecution anticipated or begun, but simply that "having within a state committed that which by its laws constitutes a crime, when he is sought to be subjected to its criminal process to answer for its offense, he has left its jurisdiction, and is found within the territory of another. See Roberts v. Reilly, 116 U. S. 97, 29 L. ed. 549, 6 Sup. Ct. Rep. 291; Re Galbreath, 24 N. D. 582, 139 N. W. 1050. He insists, however, that the application

must actually charge an offense, and that it must be shown that the offense had actually been committed, even though such proof would involve the question of the guilt or innocence of the party charged. He maintains, in short, in the case at bar, that unless the defendant and petitioner had deserted his wife and children, no offense could possibly have existed and that this fact can be shown upon these proceedings. This court allowed evidence to be taken upon this matter, though of course, it did not commit itself on the proposition as to whether it would consider the same. Petitioner also alleges that after his coming to North Dakota, divorce proceedings were started by his wife, and that the only purpose of the requisition was to get him back into the state so that a personal service could he had upon him and a personal judgment for alimony could be obtained.

We do not think that there is any merit in the objection to the affidavit and complaint. The affidavit charges the defendant with refusing to provide for the support and maintenance of his wife and their two minor children, aged five and seven, leaving them in distitute and necessitous circumstances, committed at the city of La Crosse, county of La Crosse, and state of Wisconsin, on the 19th day of August, 1913, and thence continuously to the date of the complaint as appears more fully from said complaint, and which complaint it makes a part of the affidavit, and alleges that the application is not made to secure his return to the state of Wisconsin to afford an opportunity to serve him with civil process, nor for any other similar purpose, and that she does not desire to use the said prosecution for the purpose of collecting a debt, or for any other purpose, and will not, directly or indirectly, use the same for any such purpose. The criminal complaint that is attached is in the language of the Wisconsin statute, and charges the dedefendant with having "unlawfully and feloniously, and without just cause and without lawful excuse, wilfully neglected and refused to provide for the support and maintenance of his wife and their two minor children, aged seven and five, they being left in destitute and necessitous circumstances."

We believe that all the essentials of a criminal complaint are complied with. It would be a mere technicality to complain that when one is charged with deserting his wife and two minor children, aged seven and fire respectively, he is not informed of the crime which is alleged

against him, and that it is necessary to his protection and to the proper administration of the criminal law that the names of the wife and children shall be alleged, and that the fact that he is a married man should also have been alleged. The time, indeed, has long gone by for any such kind of hair splitting. These matters are matters of proof, and we believe that the crime is sufficiently alleged in the complaint and in the affidavit. The rule, indeed, seems to be well established that as long as a crime is substantially charged and the papers are otherwise regular, the technical sufficiency of the complaint or information is not material. 21 Cyc. 329; State ex rel. O'Malley v. O'Connor, 38 Minn. 243, 36 N. W. 462; State ex rel. Smith v. Goss, 66 Minn. 291, 68 N. W. 1089. We have, in fact, no right to go behind the determination of the governor of North Dakota, and to interfere with his discretion in the premises generally.

The law on this subject has been well stated in 21 Cyc. 328, and is as follows: "Upon habeas corpus to review a proceeding to extradite a fugitive from justice at the instance of another state, the question of the identity of the party may be investigated, and it is also proper to inquire whether he is a fugitive from justice, as, for instance, whether he was in the demanding state at the time the offense was committed; and if it appears conclusively that he was not, he may be discharged; but generally if this does not appear, or if there is any evidence to the contrary, the decision of the executive cannot be reviewed. The question whether the act is a crime against the law of the demanding state is a proper subject of inquiry; but the court cannot try the question of the guilt or innocence of the accused. The motive behind the proceeding will not as a rule be inquired into, but the proceedings may be reviewed to see that no extradition is consummated upon a mere pretext or to subserve private malice. If the preliminary papers upon which the executive acted are presented to the court, they may be investigated to determine whether they are sufficient under the law to justify the warrant of extradition; but if they are not presented, the court, it has been held, can look only to the warrant itself. The technical sufficiency of the indictment or information in the demanding state is not material; and in the absence of proof to the contrary it will be assumed in the case of an indictment that it charges an offense against the law of the demanding state. Where the requisition is

based upon an affidavit, the validity of the affidavit cannot be impeached. if it distinctly charges a crime; and the court must be clearly satisfied that error has been committed before it will interfere." 15 Am. & Eng. Enc. Law, 205, 206.

Nor do we believe that evidence should be admitted as to the commission of the crime in this case. The only reason why the courts have refused to allow evidence to be introduced as to the guilt or innocence of the party is that such facts should be properly tried in the demanding state, and in fact can be only properly tried in such jurisdiction, and the same considerations apply in full where the proof of the guilt or innocence and of the existence of the crime must be identically the same. Re White, 5 C. C. A. 29, 14 U. S. App. 87, 55 Fed. 54. The only thing, indeed, which we should consider is whether the extradition proceedings are fairly brought, that is to say, whether some ulterior purpose is intended to be effected thereby. The wife in her affidavit has absolutely repudiated any desire to obtain personal service upon the defendant and petitioner in any other action or proceeding, and we are quite sure that any such service, if had, would be nullified and set aside by the Wisconsin courts.

The writ is quashed.

SPALDING, Ch. J. did not participate.