## THE PEOPLE EX REL. JOHN GOTTSCHALK v. CHARLES E. BROWN.

(237 N. Y. 483.)

(1) HABEAS CORPUS—NOT ITS PURPOSE TO TRY OUT ACTUAL GUILT.

It is not the function of the courts upon the return of a writ of habeas corpus to try out the actual guilt of the accused.

(2) SAME—GOVERNOR'S WARRANT SUFFICIENT PRIMA FACIE TO JUSTIFY ARREST—ACCUSED MAY SHOW HE WAS NOT IN REQUISITIONING STATE AT TIME CRIME WAS COMMITTED.

A warrant issued by the governor is sufficient *prima facie* to justify the arrest of an alleged fugitive from justice and his delivery to the agent of the State where the alleged crime was committed, but it is

open to the accused to show by conclusive evidence that he was not in that State at the time the crime was, if ever, committed.

(3) SAME.

To be regarded as a fugitive from justice it is not necessary that one shall have left the State in which the crime is alleged to have been committed for the very purpose of avoiding prosecution, but simply that, having committed there an act which by the law of the State constitutes a crime, he afterwards has departed from its jurisdiction and when sought to be prosecuted is found within the territory of another State.

(4) SAME—RELATOR CHARGED IN FOREIGN STATE WITH CONTINUING CRIME BASED UPON NEGLECT OF DUTY.

Where relator was charged in a foreign State with a continuing crime founded upon neglect of duty and concededly he was within that State for a few hours during part of the time when it is charged that the crime was committed, the *prima facie* authority derived from the warrant issued by the governor is not overcome by evidence that he went there for a lawful purpose, not in furtherance of the crime with which he is charged and left there before any indictment was found. Absence of overt acts is irrelevant when the charge is founded only upon neglect of duty and the innocence of the purpose with which the relator entered the State cannot affect his guilt while there if the neglect which forms the basis of the charge continued during that time. Presence of the accused in the State at the time that the crime was, if ever, committed is sufficient proof to justify the arrest and delivery of the accused as a fugitive from justice. The writ of habeas corpus should, therefore, have been dismissed.

People ex rel. Gottschalk v. Brown, 207 App. Div. 695, reversed.

(Argued February 18, 1924; decided April 1, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 10, 1923, which reversed an order of Special Term dismissing a writ of habeas corpus, sustained said writ and directed the discharge of relator from custody.

*Warner S. Rexford,* for appellant. The relator was held under a warrant issued by the proper authorities of the state of Ohio, charging said defendant with failing to contribute to the support of minor children, from the 1st day of January, 1923, until the 14th day of June, 1923, which is a continuing

crime which the defendant commits every minute that he fails to furnish support; and the fact that the defendant was corporally within the state of Ohio on two different occasions within the time in which the crime was charged to have been committed and leaving the jurisdiction during the period charged in the indictment brings him within the definition of a fugitive from justice. (People ex rel. Corkran v. Hyatt, 172 N. Y. 183; Matter of Voorhees, 32 N. J. L. 141; Hibler v. State, 43 Texas, 197; Enright Case, 189 N. Y. Supp. 173; People ex rel. Inne v. Gerber, 111 Minn. 132; Strassheim v. Daily, 221 U. S. 280.)

*George A. Newbury,* for respondent.  A person who has committed no criminal act while bodily present in the demanding state during the period charged in the indictment is not a fugitive from justice.  (Ex parte Graham, 216 Fed. Rep. 813; McNichols v. Pease, 207 U. S. 100; Strassheim v. Daily, 221 U. S. 280; Hogan v. O'Neill, 255 U. S. 52; People ex rel. Corkran v. Hyatt, 172 N. Y. 176; 188 U. S. 691; Taft v. Lord, 92 Conn. 539.)

LEHMAN, J.:

The relator obtained a writ of habeas corpus when in custody of the sheriff under a warrant issued by the governor of the State of New York upon the demand of the governor of the State of Ohio for his arrest and delivery as a fugitive from justice.  The return of the sheriff does not include the indictment upon which the warrant was issued, and no copy of the indictment is in the record, but it is conceded that the relator was indicted in the State of Ohio upon a charge of nonsupport of his children from January 1st, 1923, to June 14th, 1923. At the hearing held upon the return of the writ the relator showed by undisputed testimony that since August 10th, 1922, he resided in the State of New York.  He was divorced from his wife in October, 1922, and his children were living with

his divorced wife in Ohio during the period covered by the indictment. During that period the relator motored into the State of Ohio twice for the purpose of persuading his wife to permit him to assume the custody of the children and to bring them to his home in New York. He remained in Ohio on these occasions only for a few hours. Upon this testimony the justice at Special Term dismissed the writ but that order has been reversed by the Appellate Division on the ground that the undisputed evidence shows that the relator is not a fugitive from justice.

The warrant issued by the governor was sufficient *prima facie* to justify the relator's arrest and his delivery to the agent of the State of Ohio, but it is open to the relator to show by conclusive evidence that he was not in Ohio at the time the crime was, if ever, committed. (Hyatt v. People ex rel. Corkran, 188 U. S. 691; People ex rel. Corkran v. Hyatt, 172 N. Y. 176.) In the present case the relator is charged in Ohio with a continuing crime and concededly he was within the State of Ohio for a few hours during part of the time when it is charged that the crime was committed. He went there for a lawful purpose, not in furtherance of the crime with which he is charged. He left there before any indictment was found, and it is claimed that these facts conclusively show that he was not a fugitive from justice in spite of his presence for a few hours during the period covered by the indictment.

" To be regarded as a fugitive from justice it is not necessary that one shall have left the State in which the crime is alleged to have been committed for the very purpose of avoiding prosecution, but simply that, having committed there an act which by the law of the State constitutes a crime, he afterwards has departed from its jurisdiction and when sought to be prosecuted is found within the territory of another State." (Hogan v. O'Neill, 255 U. S. 52, 56.) It may be conceded that this relator entered the State of Ohio for an innocent purpose and that he committed there no overt act in further-

ance of the crime with which he is charged, but that charge by its very nature is founded not upon the commission of overt acts but upon the neglect of a duty. Guilty intent may be presumed from the neglect of duty and the crime continues as long as the neglect does not cease. There is no evidence conclusive or otherwise that at the very time the relator was in Ohio he was not guilty of failure to provide for his children; in fact he admits that because of disagreement with his wife as to the custody of his children he had discontinued the payment of an allowance for their support. Absence of overt acts is irrelevant when the charge is founded only upon neglect of duty and the innocence of the purpose with which the relator entered the state cannot affect his guilt while there if the neglect which forms the basis of the charge continued during that time.

It is not the function of the courts upon the return of a writ of habeas corpus to try out the actual guilt of the accused. (Munsey v. Clough, 196 U. S. 364.) It is true that in the case of People ex rel. McNichols v. Pease (207 U. S. 100, 108) the court in stating the rules applicable to extradition proceedings did say that a " person charged with crime against the laws of a state and who flees from justice, *that is, after committing the crime,* leaves the state, \* \* \* may \* \* \* be brought back to the state in which he stands charged with the crime " (italics are ours), and in other cases the courts have referred to proof of the *commission* of a crime by the accused as necessary to authorize a warrant of extradition, but these statements must be read in connection with the well-established rule that presence of the accused in the state at the time that the crime was, if ever, committed is sufficient proof to justify the arrest and delivery of the accused as a fugitive from justice. After the governor has upon such proof issued the warrant the courts have in no case cited held that there is no evidence that the accused is a fugitive from justice or that the *prima facie* authority derived from the warrant issued by

the governor has been overcome by conclusive evidence that though within the state at that time the accused was innocent. Whether the courts could so hold in an extraordinary case where the undisputed evidence conclusively shows that though present in the state the accused was at such a distance from the place where the crime was committed, or remained within the state so short a time as to render a finding that he took part in the crime contrary to reason, need not be determined by us in this case. Presence in the state of Ohio was not a necessary element of the commission of the crime of non-support of children living there, though without such presence extradition may not be demanded.. The accused was in Ohio for an appreciable time during the period when it is charged the crime was committed. During the hours he was there he did not support his children and if he was ever guilty of the crime charged he was guilty at that time. The *prima facie* authority to arrest and deliver the accused based upon the governor's warrant has not been overcome by the evidence adduced at the hearing, and the writ of habeas corpus should have been dismissed.

The order of the Appellate Division should be reversed and the order of Special Term dismissing the writ affirmed:

CARDOZO, POUND and CRANE, JJ., concur; HISCOCK, Ch. J., McLAUGHLIN and ANDREWS, JJ., dissent.

Order reversed, etc.