This is an original application for a writ of habeas corpus. The writ was issued.
Upon the requisition of the governor of the state of Minnesota, the acting Governor of North Dakota executed a warrant to the sheriff of Morton county, directing the latter to deliver Harry R. Quint into the custody of one M.P. Thune, as agent of the state of Minnesota, to the end that the petitioner be returned to that state to stand trial therein on the charge of abandoning his minor children.
The offense charged in the state of Minnesota appears to be based on the affidavit of petitioner's wife. Among other things it is averred therein that the affiant and the petitioner were married at Minneapolis, Minnesota, on June 4, 1917, and have resided there ever since; that two children have been born as issue of the marriage, both of whom are in the care and custody of the wife; that on July 16, 1925, the petitioner left Minneapolis for Mandan, North Dakota, to work in a garage; that until about the middle of November, 1925, the petitioner sent his wife an average of $30 per month for the care and support of his children; that since the middle of November, 1925, and up to July 15, 1926, she has received only $35 in cash, $20 of which was sent in February, 1926, after the county attorney of Hennepin county had written the petitioner. It appears further in the affidavit that the wife, with her children, traveled to Mandan to visit the petitioner and to ascertain why he had abandoned the family; that the petitioner was *Page 517 
chagrined and disappointed when the affiant and his children arrived and directed them to return shortly thereafter, to wit: on May 10, 1926, informing his wife that he would send support money. No money was forthcoming thereafter, except $15 received through the parents of the petitioner and complaint accordingly was made on or about the 15th of July, 1926, to the authorities of Hennepin county. The result was requisition proceedings and in due course a warrant directing the sheriff of Morton county to deliver the petitioner to the agent of the demanding state.
A return was made in behalf of the sheriff of Morton county in which it appears by the affidavits of a brother of the petitioner, of the petitioner's wife, and of a sister of the latter, that the husband was in Minneapolis on October 8 and remained there until the afternoon of October 10, 1925; that during such time the petitioner and his wife cohabited as husband and wife. The complaint against the petitioner charges the commission of the offense on October 10, 1925.
Counsel for the petitioner asserts that he is not a fugitive from justice; and that the affidavit of facts is not sufficient in this that it does not appear therefrom that the crime charged was committed; that the facts set out therein negative rather than support the claim of abandonment under the Minnesota statutes. It is alleged that the affidavit is not sufficiently explicit; that it is not definite and while it charges a wrong, it does not charge an offense with that degree of certainty which would justify a magistrate in committing the accused. Consequently, it is said, a writ should issue.
The right of one state to require the extradition by another state of a person who has offended against the laws of the former and who has fled into the latter state, rests upon the Federal Constitution, article 4, § 2; on §§ 5278 and 5279, Rev. Statutes of the United States; Comp. Stat. §§ 10,126, 10,127, 3 Fed. Stat. Anno. 2d ed. pp. 285, 311; and is recognized by statute in our state. Comp. Laws 1913, § 11,151.
We are confronted with a warrant issued by the Governor. It must, therefore, be presumed that the Governor acted pursuant to law in issuing the warrant; that he performed his duty respecting the determination of all jurisdictional facts; and that the recitals in the warrant *Page 518 
must be taken as prima facie evidence of the facts. Re Sanders,154 Minn. 41, 191 N.W. 391; 25 C.J. 269.
In Re Bruchman, 28 N.D. 358, 148 N.W. 1052, this court held that on an application for a writ of habeas corpus in this court to review proceedings in extradition of an alleged fugitive from justice, after hearing and the issuance of a warrant by the Governor of the state to which the fugitive has fled, this court, the papers being otherwise regular, will not inquire into the technical sufficiency of the complaint or affidavit, but will ascertain merely whether they sufficiently charge the commission of a crime in the demanding state. It was there held that the courts in the asylum state will not permit the introduction of evidence bearing on the guilt or the innocence of the defendant, or upon the question of whether the crime described in the requisition papers has in fact been committed in a case where the petitioner is charged with having abandoned or failed to support his family, or where the proof of the commission of the crime must necessarily be the same as the proof of the guilt of the accused. The inquiry, it was there said, is limited to a determination of the question whether, at the time of the alleged offense, as set forth in the complaint, the petitioner was actually within the jurisdiction of the demanding state.
We are clearly of the opinion that the petitioner must be held to be a fugitive from justice. The complaint charges the commission of the offense of abandonment of his children on October 10, 1925; several affidavits are filed in this court showing that the petitioner was within the state of Minnesota on the very date on which the complaint charges the commission of the crime. The return and the record show that the petitioner was within the state of Minnesota when the alleged crime was committed; and that thereafter, he left such state and came into North Dakota. In other words, upon the face of the record, the petitioner committed a crime in the state of Minnesota while bodily present therein. The facts disclosed beyond controversy that the petitioner is a fugitive within the well-established rules in extradition proceedings. Re Galbreath, 24 N.D. 582, 139 N.W. 1050; Re Sanders, supra; 25 C.J. 257; People ex rel. Gottschalk v. Brown, 237 N.Y. 483, 32 A.L.R. 1164, 143 N.E. 653. See also Strassheim v. Daily, 221 U.S. 280, 55 L. ed. 735, 31 Sup. Ct. Rep. 558.
Point is made of the fact that the affidavit of petitioner's wife shows *Page 519 
that the petitioner sent money averaging $30 per month up to and somewhat beyond the date on which he is charged with having committed the crime of abandoning his children. The fact remains that the complaint specifically charges the crime to have been committed on October 10, 1925. Whether in the judgment of a jury, in view of the items of money sent from time to time averaging $30 per month and of his conduct thereafter in substantially discontinuing all remittances, the petitioner would be guilty of the crime charged, is a question of fact with which we are not concerned in this proceeding and which we cannot investigate. Such payments may be defensive matter in a trial on the merits. State v. Clark, 148 Minn. 389, 182 N.W. 452.
The crime charged is a continuing offense. See State v. Clark, supra; State v. Ford, 151 Minn. 382, 186 N.W. 812; State ex rel. Rinne v. Gerber, 111 Minn. 132, 126 N.W. 482; State v. Wood,168 Minn. 34, 209 N.W. 529. Upon question of the materiality of the date alleged in the complaint in an extradition proceeding, see Strassheim v. Daily, supra, last paragraph in the opinion.
The writ must be and is quashed and the prisoner remanded to the custody of the sheriff.
CHRISTIANSON, Ch. J., and BURKE, BIRDZELL, and NUESSLE, JJ., concur.