IN THE MATTER OF THE APPLICATION OF
FREDERICK W. HELM, FOR A WRIT
OF HABEAS CORPUS.

FREDERICK W. HELM, APPELLANT, *v.* C. W. YOUNG,
SHERIFF OF WASHOE COUNTY, RESPONDENT.

No. 3783

January 20, 1955.                                278 P.2d 885.

(Rehearing denied March 21, 1955.)

*Stewart & Horton,* Reno, for Appellant.

*W. T. Mathews,* Attorney General; *Geo. P. Annand,*
Deputy Attorney General; *Jack Streeter,* District Attor-
ney; and *A. Dyer Jensen,* Assistant District Attorney
of Washoe County, for Respondent.

# OPINION

By the Court, EATHER, J.:

This is an appeal from a judgment and order of the Second judicial district court of the State of Nevada, in and for the county of Washoe, Department No. 1, denying and dismissing a writ of habeas corpus.

On August 11, 1953 an executive warrant for the arrest of appellant was issued by the governor of this state, pursuant to which appellant was taken into custody by the sheriff of Washoe County. On August 13, 1953, hearing on a writ of habeas corpus was had in the trial court. On August 14, 1953, the order of the trial court from which this appeal is taken, was duly entered.

The executive warrant issued by the governor of this state was issued upon a requisition issued by the governor of the State of New York charging appellant with commission of the crime of "abandoning his children under the age of 16 years, in destitute circumstances and wilfully omitting to furnish necessary food, clothing and shelter therefor." In turn that requisition was based upon indictment by the grand jury of Erie County, New York, accusing appellant of commission of the crime of abandonment in that county on May 3, 1953.

There is no question but that appellant is the accused person and that he was present in Erie County, New York, on the date in question.

Appellant contends, nevertheless, that he is not a fugitive from justice. This contention is based upon his testimony at the hearing below to the effect that in leaving the State of New York he did not leave his children in destitute circumstances and had not omitted to provide for them; that he had made provision for them prior to leaving, and had continued to make such provision after leaving.

Appellant's position, thus, is essentially that he is innocent of the crime charged; that it is for this reason that he cannot be said to be a fugitive from justice. The issue of guilt or innocence, however, is one to be resolved not by the asylum state but by the demanding state. See: Ex Parte La Vere, 39 Nev. 214, 156 P. 446; Ex Parte Filtzer, 60 Nev. 109, 100 P.2d 942, and cases cited therein.

In support of his contention that this issue is a proper one for determination by the courts of this state, appellant cites: In Re Kuhns, 36 Nev. 487, 137 P. 83, 50 L.R.A., N.S., 507; In Re Roberson, 38 Nev. 326, 149 P. 182, L.R.A. 1915 E, 691. In both cases the undisputed facts established as matter of law that the crime of abandonment charged against the petitioner had not been committed at the time he left the demanding state. In holding petitioner not to be a fugitive from justice, the courts of this state could not be said to have usurped the functions of determination which properly should reside in the demanding state.

Such is not the case before us. Sworn statements of appellant's wife which formed a part of the record before the trial court, demonstrate that factual issues remain to be resolved as to the date upon which payment was made prior to appellant's departure from New York; as to the facts of subsequent payments; as to the sufficiency of all of these payments. As held in Ex Parte

Filtzer, supra, these are issues which properly should be resolved in the demanding state.

Appellant contends that prior to issuance of the executive warrant by the governor of this state, he was improperly detained in custody of the sheriff of Washoe County by commitment order of the justice of the peace of Reno Township. It is contended that in several respects the magistrate failed to comply with the requirements of our code of criminal procedure relative to the procedure which should be followed in the arrest and commitment of fugitives from other states. This contention is not pertinent to this appeal. Regardless of the propriety of appellant's earlier commitment, he was at the time of the hearing here under review, properly held under the executive warrant. The trial court cannot, then, be said to have committed error in directing that he be retained in custody. Ex Parte Shepley, 66 Nev. 33, 202 P.2d 882.

Affirmed.

MERRILL, C. J., and BADT, J., concur.