In the Matter of the Application of Maurice
L. Bebeau for an Original Writ
of Habeas Corpus.

Maurice L. BEBEAU, Petitioner,

v.

Dale GRANRUD, Sheriff of Burleigh Coun-
ty, North Dakota, Respondent.

Cr. No. 405.

Supreme Court of North Dakota.

Jan. 26, 1971.

As Amended Feb. 3, 1971.

Irvin B. Nodland, Bismarck, for petitioner.

William G. Engelter, Asst. State's Atty., Bismarck, for respondent.

KNUDSON, Judge.

This is a proceeding for an original writ of habeas corpus in this court on the petition of Maurice L. Bebeau seeking his release from the county jail, Burleigh County, North Dakota. He was taken into custody by Dale Granrud, sheriff of said county, by virtue of his arrest on September 24, 1970, pursuant to a rendition warrant issued by the governor of North Dakota on the demand of the state of Oregon.

It appears that Mr. Bebeau, prior to his arrest on September 24, 1970, had been previously arrested by the sheriff of Burleigh County sometime about the middle of August 1970 on the charge of the crime of escape from official detention by the state of Oregon, a felony. Mr. Bebeau refused to waive extradition to Oregon, and on August 25, 1970, he appeared before Judge Austin, the judge of the county court of increased jurisdiction in and for Burleigh County, as committing magistrate, who entered an order that Mr. Bebeau be arrested and committed to the county jail for a period of thirty days, within which such time the governor of the state of Oregon must present to the governor of the state of North Dakota a demand to deliver Mr. Bebeau up to the state of Oregon, in accordance with the provisions of § 29–30–05, North Dakota Century Code. Thereupon Mr. Bebeau was returned to the county jail. The return of this order was not made to the district court, as required by § 29–30–10, N.D.C.C.

Shortly thereafter, upon the requisition of the governor of the state of Oregon, the governor of the state of North Dakota issued his warrant on September 17, 1970, for the arrest of Mr. Bebeau and for his delivery to the duly constituted agent of the state of Oregon.

On September 24, 1970, Mr. Bebeau sued out a writ of habeas corpus on the ground that he had not been arrested under the governor's warrant during the thirty-day period. Judge Lynch, of the district court for Burleigh County, on the 24th day of September, 1970, upon being presented with the petition of Mr. Bebeau for a writ of habeas corpus, granted the writ of habeas corpus discharging and releasing Mr. Bebeau from the county jail on the grounds that Mr. Bebeau had not been arrested nor served with a copy of the governor's rendition warrant within the thirty-day period set by Judge Austin, the committing magistrate. Judge Lynch held that as Mr. Bebeau had not been arrested under the warrant of the governor of the state within the thirty-day period he was entitled to be discharged from custody under the provisions of § 29–30–09, N.D.C.C.

Within minutes after his release on September 24, 1970, Mr. Bebeau was re-arrested by the sheriff of Burleigh County pursuant to the same governor's rendition warrant.

Mr. Bebeau, for a second time, petitioned the district court for a writ of habeas corpus seeking his discharge from custody following his re-arrest. Judge Lynch denied this writ of habeas corpus on September 25, 1970.

The second petition for a writ of habeas corpus by Mr. Bebeau was made under the provisions of § 29–30–11, N.D.C.C., which provides that any person arrested in this state by virtue of a warrant issued by the governor of this state upon a requisition of the governor of any other state must be given twenty-four hours to make demand for counsel, and should such demand be made for the purpose of suing out a writ of habeas corpus the prisoner shall be taken forthwith to the nearest district court judge and ample time given to him to sue out a writ.

The record discloses that the provisions of this statute, § 29–30–11, were followed following the re-arrest of Mr. Bebeau. Mr. Schneider was appointed by Judge Lynch to represent Mr. Bebeau on September 24, 1970, shortly after the re-arrest of Mr. Bebeau, which appointment was confirmed by Judge Jansonius on September 25, 1970, at state expense, before whom Mr. Bebeau appeared on the writ of habeas corpus, and the matter then, with the consent of all parties, was transferred to the court of Judge Lynch, who denied the writ on the afternoon of that day, and granted Mr. Bebeau time of thirty days within which to sue out a writ of habeas corpus in the supreme court, and restrained the delivery of Mr. Bebeau to any other authorities until the supreme court has acted in the writ.

Mr. Bebeau then brought this petition for an original writ of habeas corpus in the supreme court of the state of North Dakota.

This petition for a writ of habeas corpus in this court is an original proceeding. Section 87, North Dakota Constitution. It is not an appeal from the denial of the petition for a writ of habeas corpus by Judge Lynch on September 25, 1970, following Mr. Bebeau's re-arrest and incarceration in the county jail on September 24, 1970.

The right of one state to require the extradition by another state of a person who has committed an offense against the laws of the demanding state, and who has fled to the asylum state, rests upon the Federal Constitution, Article 4, § 2, reading as follows:

A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.

This provision has been incorporated into the statutes of North Dakota, with a slight alteration, as § 29–30–02, N.D.C.C., and is the foundation for our extradition procedure.

Section 29–30–02, N.D.C.C., reads as follows:

A person charged in any state or territory of the United States with treason, felony, or other crime, who shall flee from justice and be found in this state, on demand of the executive authority of the state or territory from which he fled, must be delivered up by the governor of this state to be removed to the state or territory having jurisdiction of the crime.

Article IV, § 2, of the United States Constitution is not self-executing, and Congress has enacted legislation to give it effect, now 18 U.S.C.A. § 3182, which reads as follows:

Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority

of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged.

While it is true that the foundation and nature of the right of extradition are to be found in the Federal Constitution and effectuating statutes (see 35 C.J.S. Extradition § 2), yet the several states may enact nonconflicting legislation in aid of extradition. Consequently, in North Dakota our legislative assembly has enacted several statutes in aid of extradition. Chapter 29–30, N.D.C.C.

■ Mr. Bebeau contends that the first habeas corpus proceeding before Judge Lynch on September 24, 1970, by which he was discharged and released from the county jail, is res judicata as to all subsequent proceedings to extradite him to Oregon, particularly as to his re-arrest on September 24, 1970, by virtue of the governor's rendition warrant, alleging that his confinement is based upon the same demand, facts and evidence.

However, Mr. Bebeau is in error in his contention that the re-arrest by virtue of the governor's rendition warrant was based on the same demand, facts and evidence upon which the first arrest and confinement in jail was based in the first habeas corpus proceeding.

The principal issue considered in the first writ of habeas corpus proceeding was whether or not there had been a re-arrest by virtue of the governor's rendition warrant during the thirty-day period set by Judge Austin. Judge Lynch held that there had not been a re-arrest by virtue of the governor's rendition warrant during the thirty-day period, granted the writ, and

ordered the prisoner released. The validity of the governor's rendition warrant was not in issue in the hearing on September 24, 1970, before Judge Lynch. His decision to grant the writ of habeas corpus was grounded upon the failure to serve the governor's rendition warrant during the thirty-day period. Since Judge Lynch did not pass upon the validity of the governor's rendition warrant, his order granting the writ of habeas corpus could not in any manner be res judicata to a subsequent re-arrest and incarceration of Mr. Bebeau by virtue of the governor's rendition warrant.

■ The doctrine of res judicata is not applicable as to issues and facts not considered or decided in the prior proceedings.

·The order or judgment is not res judicata as to issues and facts not decided or not involved in the prior proceedings.

39 C.J.S. Habeas Corpus § 104.

A judgment in a habeas corpus proceeding can be regarded as conclusive on the merits only where the case presented calls for a final determination of the ultimate facts and the law, but not where the proceeding is preliminary and ancillary to a trial on the merits. Thus, the fact that a prisoner held for extradition has been discharged through habeas corpus proceedings is not a bar to a second application or requisition for extradition, at least where the discharge was for an irregularity in the extradition proceeding which can be corrected on a second requisition.

39 Am.Jur.2d, Habeas Corpus § 161.

The principle of res judicata does not apply so as to render unlawful a subsequent arrest and imprisonment under proceedings which are legal and sufficient and which remove the illegalities, or supply the defects, for which the discharge in the habeas corpus proceedings was granted * * *.

39 C.J.S. Habeas Corpus § 104 (1944).

If a person arrested is released upon habeas corpus on ground of informality or mistake in proceedings or upon some ground which does not decide question whether upon the real facts the one arrested should be extradited for trial, such release not being upon merits should not be a bar to arrest upon perfected papers or proceedings.

Ex Parte Barron, 222 S.W.2d 241 (Mo. App.1949).

An order or judgment granting a discharge is conclusive as to the illegality of the custody in subsequent proceedings concerning the validity of a later detention or imprisonment, and is res judicata as to all issues of law and fact necessarily involved in that result; but not as to issues and facts not decided or not involved.

39 C.J.S. Habeas Corpus § 104 (1944).

The irregularity in issue in the first habeas corpus proceeding was in the failure to make the arrest by virtue of the governor's rendition warrant. The validity of that warrant was not in issue in that proceeding and Judge Lynch did not pass upon the merits of that warrant.

The governor's rendition warrant remains unaffected by the order granting the first writ of habeas corpus and the arrest made thereunder is good and valid unless other attack is made on the warrant in this proceeding pending in this court.

We will now consider Mr. Bebeau's contention in this court that the demand by the state of Oregon is insufficient because the governor's rendition warrant recites that Mr. Bebeau stands charged by complaint with having committed the crime of presenting a forged check, whereas a judgment is attached (to the requisition papers from the state of Oregon). He also asserts that the demand is insufficient for the reason that his first arrest was upon a warrant for arrest for the crime of escape from official detention, a felony, while the extradition papers now before the court are based on a judgment (of conviction of the crime of "presenting a forged check").

We held in Ex parte Quint, 54 N.D. 515, 209 N.W. 1006, that "the decision of the Governor upon the jurisdictional facts in an extradition proceeding is presumptively correct." Syllabus ¶ 1.

Accordingly, it is presumed that the governor acted pursuant to law in issuing the rendition warrant, that he performed his duty respecting the determination of all jurisdictional facts, and the recitals in the rendition warrant must be taken as prima facie evidence of the facts.

■ In Ex parte Quint, *supra,* we said, "this court * * * will not inquire into the technical sufficiency of the complaint or affidavit, but will ascertain merely whether they sufficiently charge the commission of a crime in the demanding state," citing Ex parte Bruchman, 28 N.D. 358, 148 N.W. 1052.

■ In the case under consideration, on the face of the record it is shown that Mr. Bebeau committed a crime in the state of Oregon while bodily present therein. The facts disclose beyond controversy that the petitioner is a fugitive within the well established rules in extradition proceedings.

The fact that the governor's rendition warrant charges a different crime than that for which he is held under the fugitive warrant is not fatal to the validity of the arrest by virtue of the governor's rendition warrant.

■ Mr. Bebeau also contends that the sheriff's return of the governor's warrant is void on its face because it shows the delivery of the petitioner to a Mr. R. E. Pribble, whom Mr. Bebeau contends was not in the state of North Dakota on that day, nor did the two agents from Oregon have any credentials attempting to show that they had authority to represent Mr. Pribble.

The governor's warrant directed the sheriff to arrest Mr. Bebeau and deliver him to one R. E. Pribble, who was commissioned to receive and convey Mr. Bebeau back to the state of Oregon.

The sheriff's return of the governor's warrant apparently had been prepared to show the delivery of Mr. Bebeau to Mr. Pribble, agent on the part of Oregon, in anticipation of making such delivery. However, the sheriff's return was not signed by the sheriff, no doubt because the delivery had not been made to Mr. Pribble, nor to any other purported agent of the state of Oregon.

The unsigned sheriff's return leaves the inference that the sheriff did not deliver Mr. Bebeau to anyone. About all that the sheriff's return may indicate is that no delivery of Mr. Bebeau was made to anyone at all pursuant to the governor's rendition warrant.

■ Mr. Bebeau has raised other issues relating to his first arrest and the first writ of habeas corpus which we will not consider as they have become moot by his discharge and release under the first writ of habeas corpus.

The petition for a writ of habeas corpus is quashed, and Mr. Bebeau is remanded to the custody of the sheriff of Burleigh County, North Dakota, by him to be held for a period of time of fifteen days within which to permit the state of Oregon to receive and convey Mr. Bebeau back to Oregon.

PAULSON, ERICKSTAD and TEIGEN, JJ., concur.

STRUTZ, C. J., concurs in the result.